# Commonwealth *v.* Staush, Appellant.

*Criminal law—Murder—Plea of guilty—Fixing of degree by court — Decision —Participation by judge who did not hear witnesses—Sentence of death—New trial—Act of March 31, 1860, P. L. 382, Sec. 74.*

1. The provision of Section 74 of the Act of March 31, 1860, P. L. 382, that where a defendant pleads guilty to an indictment for murder the court shall "proceed, by examination of witnesses, to determine the degree of the crime and give sentence accordingly,"

must be strictly construed and under it the examination of witnesses by the court means seeing and hearing them; a mere reading of their testimony by a judge or judges who neither saw nor heard them is not a compliance with the act.

2. Where a defendant pleads guilty to an indictment for murder every member of a court passing upon the degree of guilt must see and hear the witnesses upon whose testimony the question is to be determined, and where three judges heard the testimony and thereafter the president judge, who was not present during the examination of witnesses, read the evidence, joined the other judges in their deliberation, subsequently wrote the opinion of the court fixing the crime as murder of the first degree, and pronounced sentence of death, the judgment was reversed and a procedendo awarded with leave to the prisoner to renew in the court below a motion for leave to withdraw his plea of guilty.

Argued Feb. 5, 1917. Appeal, No. 6, Jan. T., 1917, by defendant, from judgment and sentence of O. T. Luzerne Co., July Sessions, 1916, No. 239, in case of Commonwealth v. John Staush. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Reversed.

Indictment for murder.

The facts appear by the opinion of the Supreme Court.

The lower court found defendant guilty of murder of the first degree and imposed sentence of death. Defendant appealed.

*Errors assigned,* among others, were the participation in the deliberations of the court of the president judge, who did not hear the testimony of witnesses, the subsequent writing of the opinion by such president judge finding defendant guilty of murder of the first degree, and the pronouncing of the sentence of death by him.

*M. J. Torlinski,* with him *George Howarth,* for appellant.—A judge who does not hear the evidence cannot render a valid judgment in such a case notwithstanding the testimony may have been written down and read by

him, nor may he make any finding of fact in a cause tried by another judge: In re Sullivan, 77 Pac. Repr. 153.

The court erred in permitting its president judge to take part in its deliberations without having been present during the trial.

*Frank P. Slattery,* District Attorney of Luzerne County, with him *Edwin Shortz, Jr.,* Assistant District Attorney, for appellee.—The president judge properly took part in the deliberations: Pierce's License, 61 Pa. Superior Ct. 397; Com. v. Addison, 4 Dallas 225; Com. v. Green, 126 Pa. 531; Schwartz v. Stock, 26 Nev. 128 (65 Pac. Repr. 351); Com. v. Dunleavy, 16 Pa. Super. Ct. 380.

OPINION BY MR. CHIEF JUSTICE BROWN, February 26, 1917:

John Staush, the appellant, entered a plea of guilty to an indictment charging him with murder, and it thereupon became the duty of the court below, under Section 74 of the Act of March 31, 1860, P. L. 382, to "proceed, by examination of witnesses, to determine the degree of the crime and to give sentence accordingly." Three of the five judges of that court met to perform the duty imposed upon it, and witnesses were examined before them. At the examination the Commonwealth was represented by the district attorney, and the prisoner, with his counsel, was present. The testimony was taken down by the court stenographer, whose transcript of the same was duly approved by one of the judges and ordered to be filed. After the hearing, and before the three judges had reached any conclusion as to the degree of the prisoner's guilt, they asked the president judge of the court—who had not been present at the examination of the witnesses —to join them in their consideration of the testimony taken, for the purpose of fixing the degree of the crime. After reading the evidence, he took part in their deliberation, and found that the prisoner was guilty of murder

of the first degree. Subsequently he wrote the opinion of the court, fixing the degree of guilt, and pronounced the judgment of death. The real error of which the appellant complains—and the only one upon which we need pass—is the action of the court below in having its president judge consult with his three colleagues over a most solemn question, involving life, without his having seen or heard the witnesses upon whose testimony it was to be determined.

A tribunal, specially designated by the legislature, fixes the degree of guilt, upon conviction by confession, on an indictment charging murder. Such a case is no longer for a jury, whose province it is to fix the degree of homicide in every case where the accused goes to trial on his plea of not guilty. The legislature might have provided that, on a plea of guilty, a jury should hear the testimony relating to the crime for the sole purpose of fixing the degree of guilt; but it has not done so. It has committed that duty to the court having jurisdiction of the indictment, and perhaps wisely so, in view of human sympathy to which jurors not infrequently yield when called to pass upon the life or death of a fellow man. To enable it to discharge this duty the court must examine witnesses and hear what they know and are able to truthfully tell of the circumstances attending the admitted felonious killing. As this statutory provision, relating to a criminal procedure, must be strictly construed, the examination of witnesses by the court means its seeing and hearing them—not a mere reading of their testimony by a judge or judges who neither saw nor heard them—and it means that every member of a court passing upon the degree of guilt in a homicide case must see and hear the witnesses upon whose testimony the question is to be determined. If it had been for a jury to determine the degree of the appellant's guilt, and but eight of the jurors had seen and heard the witnesses, a verdict of the twelve condemning him to death would be promptly set aside, if the other four jurors had simply read the testimony of

the witnesses from the stenographer's notes; and yet this, in effect, is the situation here presented. The court below, composed of four of its five members, found the prisoner guilty of murder of the first degree. They were his triers; they deliberated together over what their verdict should be, and, after so deliberating, fixed his crime as the highest known to the law; but one of them had neither seen nor heard a single witness called to sustain the Commonwealth in asking for a first degree finding, or the plea of the prisoner that intoxication had reduced the degree of his offense. One of the three judges who heard the witnesses long hesitated in reaching his conclusion, and if the fourth, who heard none of them, had heard them all, he might also not only have long hesitated, but actually refused to concur in the finding of first degree murder. In findings of fact by a judge, sitting as a chancellor, the credibility of witnesses and the weight to be given to their testimony are for him, and their credibility is often sustained or impaired by their appearance on the witness stand and by their manner of testifying. If this is true in civil cases, it is surely true in a proceeding in a criminal court in which a human life is at stake.

We are not to be understood as saying, or even intimating, that, on the testimony of the witnesses seen and heard by the three learned judges of the court below, they would have erred in adjudging the prisoner guilty of murder of the first degree, for that is not the question before us. All that we now decide is that error was committed in having the president judge take part, under the circumstances stated, in a consultation and deliberation which resulted in a finding necessarily followed by the judgment from which we have this appeal.

Judgment reversed and procedendo awarded, with leave to the prisoner to renew in the court below his motion for leave to withdraw his plea of guilty.