## Commonwealth v. Wible.

*Criminal law—Twice in jeopardy—Fornication and bastardy—Rape.*

1. The plea of twice in jeopardy applies to crimes other than murder.

2. Where a greater offence includes a lesser one, a verdict on an indictment for the minor offence only is a bar to a trial on an indictment for the greater offence.

3. A plea of guilty voluntarily made and received by the court is as effective a conviction as a verdict of a jury.

4. Where a defendant pleads guilty to an indictment for fornication and bastardy, and his plea is accepted by the court and entered of record, he cannot thereafter be convicted on an indictment for statutory rape growing out of the same occurrence.

Motion for new trial and in arrest of judgment. O. and T. Fulton Co., Oct. Sess., 1921, No. 3.

*S. W. Kirk,* District Attorney (with him *John P. Sipes*), for Commonwealth.

*John R. Jackson,* for defendant.

MCPHERSON, P. J., March 21, 1922.—On Oct. 3, 1921, the grand jury of Fulton County returned as a true bill an indictment against the defendant, entered to No. 5, October Term, 1921, charging him with the crime of fornication and bastardy upon the body of Beatrice Divens. The defendant was called for trial on said indictment and entered a plea of guilty, which was received by the Commonwealth, allowed by the court, and entered upon the records thereof. Later, on the same day, the grand jury returned as a true bill an indictment against the defendant, to No. 3, October Term, 1921, charging him with the offence of statutory rape, growing out of the same occurrences as that upon which the indictment to No. 5, October Term, 1921, was based.

The defendant was called for trial on indictment No. 3, October Term, 1921, and plead specially thereto that he had been in former jeopardy for the offence charged in said indictment by reason of the indictment filed to No. 5, October Term, 1921, which had been called for trial, and to which he had been required to plead, and had entered a plea of guilty. With this plea was a motion that the defendant be dismissed and discharged from the indictment. This motion the court overruled and ordered the trial to proceed. The defendant thereupon plead not guilty. The trial was had and the jury returned a verdict of guilty. Motions were made for a new trial and in arrest of judgment; the former motion is not pressed, but the latter is now for disposition.

The reason urged in support of the motion in arrest of judgment is that the crime of fornication and bastardy, for which the defendant was indicted to No. 5, October Term, 1921, and to which he subsequently entered a plea of guilty, grew out of the same offence as, and was included in, the crime of statutory rape, for which he was subsequently indicted to No. 3, October Term, 1921, tried and convicted by the jury. That, having plead guilty to No. 5, October Term, 1921, he had been formerly in jeopardy for the offence which was the basis of the indictment to No. 3, October Term, 1921, and, therefore, should not have been called to defend against the latter, as that put him twice in jeopardy for the same offence.

In the present case the two crimes charged did arise out of the same occurrences, and the facts on which each indictment was based were the same, and the greater offence included the lesser.

While the plea of former jeopardy strictly in Pennsylvania is limited to capital offences, McCreary *v.* Com., 29 Pa. 323, yet, in analogy to this plea,

the courts have extended this general principle of former jeopardy to cases of crimes of a lesser degree: Com. v. Arner, 149 Pa. 35.

In the latter case the crimes charged in the two indictments were the same as charged in the present case, and, as here, the offence of fornication and bastardy was tried first and was in the hands of the jury when the indictment for statutory rape was called for trial. Under these facts it was held that:

"Where a greater offence included a lesser one, a verdict on an indictment for the minor offence only is a bar to a trial on an indictment for the greater offence. The same principle applies if the jury are out in the first case when the second is called.

"This is not a mere technical rule of procedure; it is a substantial one, which is founded in reason, and is in harmony with the constitutional mandate that no person shall be subject to be twice put in jeopardy for the same offence.

"The defendant having been indicted upon the same facts for fornication and bastardy, and statutory rape, was tried on the former charge; and, before the jury had rendered a verdict, was required to plead to the indictment for rape: Held, that the first trial was a bar, and that the defendant was within the spirit of the Act of March 31, 1860."

The only question in this case is whether or not, by being called to defend by trial against the indictment charging fornication and bastardy and the entry by the defendant of a plea of guilty, the defendant was put in jeopardy.

A plea of guilty is one means of securing a conviction, and this plea, voluntarily made and received by the court, is as effective a conviction as a verdict of the jury.

The Supreme Court of our State, in the case of Com. v. Staush, 256 Pa. 620, 623, recognizes a plea of guilty "as a conviction by confession." The plea of guilty is recognized in other jurisdictions as a conviction of the highest character: Marx v. The People, 204 Ill. 248; State v. Knowles, 98 Me. 429; State v. Almy, 67 N. H. 274; Hollibaugh v. Hehn, 13 Wyoming, 269.

It is an admission of all the facts well charged in the indictment, and a waiver of the right of trial thereon, and, unless it is withdrawn by special leave of the court, or a motion is interposed in arrest of judgment for legal defects apparent on the record, nothing remains to be done but to pass sentence: Cases above cited, and Com. v. Mahoney, 115 Mass. 151; The People v. Lenox, 16 Cal. 133; and this the court may thereupon do as upon a verdict of guilty: Pope v. The State, 56 Florida, 81; Brimingstool v. The People, 1 Mich., N. P., 260.

A plea of guilty is a confession of guilt and is equivalent to conviction, and the court must pronounce judgment and sentence as upon a verdict of guilty: 16 Corpus Juris, 402, § 738.

In Wharton's Criminal Evidence, vol. II, page 1195, § 582 (a), it is said: "That jeopardy frequently attaches as an effectual bar to a subsequent prosecution for the same offence upon proceedings preliminary to a trial, and is equally effective as where a trial has been had of the indictment. Hence, where the defendant is arraigned before a court of competent jurisdiction to hear, determine and adjudge the punishment affixed to the offence, and the accused enters a plea of guilty, so that nothing further remains to be done but to enter a plea and adjudge the punishment, the accused has been put in jeopardy;" citing as authorities therefor 2 Hale, P. C., 176; State v. Dresser, 54 Maine, 569; Com. v. Gale, 11 Gray, 320.

2 D. & C.

In Com. v. Erb, 44 Pa. C. C. Reps. 179, a plea of guilty was entered to a first indictment charging indecedent exposure, and sentence thereon was passed by the court. Subsequently another indictment was filed, charging rape, arising out of, and based upon, the same facts and occurrences as those on which the first indictment was based. On motion for arrest of judgment, the court held that the second conviction was in contravention of the constitutional provision, both Federal and State, protecting the citizen from being put twice in jeopardy for the same offence, and sustained the motion in arrest of judgment and discharged the defendant.

In view of the above authorities, we conclude that this defendant was in jeopardy once upon his pleading guilty to the first offence charged, namely, fornication and bastardy, and could not be subjected to a second prosecution for statutory rape arising out of the same facts and same occurrence.

And now, March 21, 1922, motion in arrest of judgment is granted, and it is hereby ordered and adjudged that no sentence can be imposed upon the defendant by reason of the verdict of the jury in this case, and that he is hereby ordered discharged; the costs of proceeding to be paid by the County of Fulton.