### SILVA v. UNITED STATES.
### No. 13881.

United States Court of Appeals
Ninth Circuit.
April 20, 1954.

Rehearing Denied May 21, 1954.

V. A. Cordova, Phoenix, Ariz., for appellant.

Jack D. Hays, U. S. Atty., Everett L. Gordon, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HEALY and ORR, Circuit Judges, and LEMMON, District Judge.

HEALY, Circuit Judge.

Appellant was convicted by a jury upon eight counts of an indictment charging alternately sales of narcotics not in or from the original stamped package, 26 U.S.C.A. § 2553(a), and sales of narcotics not in pursuance of a written order, 26 U.S.C.A. § 2554(a). He was sentenced to serve two years on each count, all sentences to run concurrently.

Appellant admitted having made the several sales, and the sole question urged on appeal relates to his defense of entrapment. His claim in this connection is that the court's instructions with respect to entrapment did not correctly, or at least adequately, state the law on the subject, and that the court fell into error in failing to give additional instructions requested by his counsel.

The record indicates that four sales were made over a period of less than 30 days, each being to an addict named Hernandez, a decoy or informer under pay of the Federal narcotics officers. Appellant was at the time in the employ of a gasoline service station chain as assistant manager of its station at Glendale, Arizona, and was approached there by Hernandez. Upon the latter's pleading and insistence, so appellant testified, he obtained a quantity of heroin from a source in nearby Phoenix, some of which he sold to Hernandez and part of which he kept at the filling station. As said above, other sales to Hernandez thereafter occurred, apparently in substantial amounts. Although he denied it, there was evidence tending to show that appellant made a profit on these transactions. And there were other circumstances reasonably tending to support a belief that he was not entirely the innocent victim his counsel claims him to be.

In the course of its charge to the jury the court gave the following instructions:

"Now I will give you an instruction in reference to this issue of entrapment. The law is that decoys are permissible to detect criminals but not to create them, to present opportunity to those having intent or willing to commit crime but not to ensnare the law-abiding into unconscious offending. That is the distinction to be drawn. No officer is permitted to entrap an innocent person into the commission of crime and then prosecute him or her. No conviction on such evidence could or would be sustained. But if that officer has information which he follows

up, if he finds that the defendant is a person willing to commit a crime, then it is his province and his right and his duty to give such a person an opportunity to then commit the offense. And if he or she does commit such offense, then it is the duty of the officer to arrest him or her.

"Public policy forbids that an officer sworn to enforce the laws seek to have them violated and that those whose duty it is to detect criminals should create them, but if the intent and purpose to violate the law are present, the mere fact that the public officer furnishes the opportunity is no defense to the person who then violates the law. They draw that distinction.

"It shall not be proper for an officer to go to an innocent man and induce him to commit an offense and then prosecute him. If that officer goes to one who is ready and willing to violate the law and offers that opportunity, then that evidence may be used against the defendant. That is permissible because in many cases in no other way can a persistent violator of the law be apprehended or punished."

█ Appellant requested a half dozen instructions on the subject, and complains of the failure to give them. The bulk of the requests merely stated the general principles of entrapment as the court had declared them, but in different language and at greater length. There was obviously no error in refusing those requests. But appellant argues that the jury should have been instructed that where an accused has not, prior to his contact with the government agents, been engaged in criminal acts, and where the officers have no knowledge of any predisposition on his part to commit any crime, any act on the part of the goverment which induces the accused to commit a crime constitutes entrapment. One or more of the requested instructions dealt with or hinted at this general thought, though not with the clarity of the argument outlined above. However, we shall treat the argument as though it reflected an actual request.

█ In effect the proposed charge states that in the circumstances related entrapment is made out as a matter of law. No authority is cited in support of this proposition, and it seems clear that a flat charge of that nature would not be warranted in any case. Among other frailties it would tend directly to mislead the jury. Even though an accused had no previous criminal record and the officers were not shown to have knowledge of a predisposition on his part to commit a crime, still if the jury believed that the felonious intent and purpose were present at the time of the act they would be free to reject the accused's claim of entrapment. There is always a first time wilfully to engage in criminal conduct.

Moreover, a charge was given bearing on the significance of evidence of an accused's record or reputation for integrity and law observance. This instruction read: "Where a defendant has offered evidence of good general reputation for truth and integrity and as a law-abiding citizen, the jury should consider such evidence along with all the other evidence in the case. Evidence of a defendant's reputation as to those traits of character ordinarily involved in the commission of a crime charged may give rise to a reasonable doubt, since the jury may think it improbable that a person of good character in respect to those traits would commit such a crime."

█ We are satisfied that the instructions given adequately stated the law on the issue of entrapment. Compare the exhaustive discussion of the subject in Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413, and authorities there cited. Cf. also Trice v. United States, 9 Cir., 211 F.2d 513.

Affirmed.