391 P.2d 586

**STATE of Arizona, Appellee,**

v.

**Jose Santa Cruz HERNANDEZ, Appellant.**

No. 1321.

Supreme Court of Arizona,

In Division.

April 22, 1964.

Robert W. Pickrell, Atty. Gen., Charles N. Ronan, County Atty. of Maricopa County, and Robert J. Corcoran, Deputy County Atty., Phoenix, for appellee.

Ronald G. Cooley, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant Jose Santa Cruz Hernandez and one Daniel Vega Ponce, a seventeen-year-old boy, were charged with the offense of illegal sale of marijuana, a felony. Appellant was convicted and brings this appeal.

Appellant was employed as a truck driver between Phoenix, Arizona, and Juarez, Mexico. It was his duty to locate used tires, cut them into appropriate sizes and return with them to Mexico where they were used by appellant's employer as soles for Mexican huraraches. On the night of October 16, 1962, Joseph J. Villa, a police officer for the City of Phoenix assigned to the narcotic section, who speaks "Mexican" Spanish, went to 41st Avenue and Weir Drive in the company of police officers Richard Newton and James Gardner. The latter two hid in the bushes about ten feet from Officer Villa. At about 7:30 p. m. appellant drove up in his truck, got out and walked over to Villa who asked him if he had the "grifa" meaning marijuana.

After some conversation, appellant handed to Villa a package containing 1.2 pounds of a leafy green substance later determined to be marijuana. Villa gave $100.00 to appellant. Thereafter appellant was immediately arrested. Later that evening, upon being interrogated at the offices of the State Liquor Control, appellant admitted that he knew the contents of the package was grifa and that he had sold it for $100.00 to Villa.

Appellant urges that as a matter of law the evidence supports a defense of entrapment. The defense arises out of appellant's testimony to this effect: That on the day in question appellant and Ponce arrived in Phoenix from Mexico; that they were in the habit of using a lot on the Salt River bed in Phoenix as a place to sleep and cut up used tires; that they were at this location, going about their work when they were approached by one Ramon Guajardo who asked the appellant if he would deliver a package for him for the reason that he, Guajardo, had to be at work later on that day; that Guajardo took the appellant to the location at 41st

Avenue and Weir Drive and told him to give the package to a man who would be there about 7:30 p. m.; that later that afternoon Guajardo left the package with him and told him that he was to receive $100.00 in return for it.

Guajardo testified at the trial that he had been convicted of the sale of marijuana and had received a five-year suspended sentence; that about noon he saw the appellant and Ponce near the Salt River; that he went there for the purpose to see if appellant had any marijuana; that after arriving he told appellant he knew a person who would buy marijuana; that he had made arrangements for Villa and the other two police officers to be present at 7:30 p. m. at the meeting place; that he had never seen the package, a paper bag, or its contents and he did not ask appellant to deliver the package for him.

Appellant's position is that Guajardo planted the seed of the crime in appellant's mind and that the intent to sell marijuana originated in the mind of the state's informer. Appellant is correct in his argument that a crucial element of the defense of entrapment is that the intent to commit the crime must not arise in the mind of the accused. Hoy v. State, 53 Ariz. 440, 90 P.2d 623, and see Silva v. United States, 9 Cir., 212 F.2d 422; Lutfy v. United States, 9 Cir., 198 F.2d 760, 33 A.L.R.2d 879. However, the defense of entrapment does not arise where one is ready to commit the offense given but the opportunity, Bloch v. United States, 9 Cir., 226 F.2d 185; Cline v. United States, 9 Cir., 9 F.2d 621.

In the latter case, the court said:

" * * * the officers did nothing to induce the defendant to acquire the contraband. They merely offered to buy that which they were advised the defendant was ready to sell. This does not constitute entrapment * * *."

In the instant case, the jury could believe, under the conflict in the evidence, that the informer Guajardo was merely the go-between; that the appellant knew of the nature of the contents of the package; that the police officers did nothing personally to induce the appellant to acquire the marijuana; and that they merely offered to buy what the defendant was willing to sell.

It was the prosecution's burden to establish with whom the intent to sell the marijuana originated. The jury had before it all the evidence. It could view the attitude and demeanor of the witnesses. It was properly instructed on the defense of entrapment and decided the facts against appellant. On appeal, the evidence and all reasonable inferences therefrom must be considered in the strongest light in favor of the verdict. State v. Hilliard, 89 Ariz. 129, 359 P.2d 66; State v. Milton, 85 Ariz.

69, 331 P.2d 846; State v. Stephens, 66 Ariz. 219, 186 P.2d 346.

■ Appellant urges that the county attorney, in his argument, twisted one of the court's instructions on entrapment to appellant's prejudice by arguing, in effect, that to have entrapment the witness Guajardo must have given the package of marijuana to appellant. We do not so understand the prosecution's argument. This statement was made:

> "If you find that he [Guajardo] gave this marijuana to these defendants *and they did not know what it was*, and they delivered it to Officer Villa and simply collected a hundred dollars for it as a favor to Guajardo, you just find the defense of entrapment is good and bring in a verdict of not guilty."
> (Emphasis supplied.)

This portion of the argument is consistent with the appellant's testimony to the effect that he obtained the marijuana from Guajardo, that he did not know what was in the package, that he delivered it to Officer Villa and collected the $100.00 simply as a favor to Guajardo. If the jury believed that appellant did not know he was selling marijuana, no criminal intent would exist and appellant would not be guilty of the offense charged. And this would be true whether appellant was induced to sell marijuana by an agent or informer of the State or by another, a third person, who had no connection with the police.

■ The factual situation presented by the defendant, that he did not know what was in the package, if believed by the jury, would of course constitute a complete defense to the charge independent of the law of entrapment. Scienter, knowledge by appellant that there was contraband in the package, is as necessary here as in other criminal statutes. See State v. Locks, 91 Ariz. 394, 372 P.2d 724. The prosecution's argument simply stated one set of circumstances under which the appellant would not be guilty.

The appellant argues that "it would make no difference in the defense of entrapment if the witness Guajardo gave the said marijuana to the Defendant, or if this Defendant had the said marijuana with him at the time of his arrival in Phoenix." But the trial court properly covered this latter contingency with this instruction:

> "If you find as a fact that Ramon Guajardo was acting as an agent of the State and originated the criminal intent to commit the crime of the illegal sale of marijuana into the minds of the defendants, and the said defendants acted upon the advice of said Ramon Guajardo and sold marijuana to Officer Villa, then you must find the defendants not guilty."

We are of the opinion that the county attorney's argument did not result in prejudice to appellant.

■ Appellant urges that the county attorney was guilty of misconduct in asking a question on cross-examination which tended to prejudice the jury against appellant. The prosecution first asked the question:

"You have stated on direct examination that you never sold marijuana to anyone, is that correct?"

The appellant answered:

"I have never sold it to anyone."

The prosecution then asked this question:

Does that include Ramon Guajardo?"

The last question tended to suggest to the jury that appellant had previously sold marijuana to Guajardo, that therefore appellant was in the business of selling marijuana and that he was a "bad man" having committed prior felonies. However, reversible error was not committed under the peculiar circumstances of this case.

■ Appellant's attorney objected to the question and his objection was sustained. No request was made that the jury be admonished to disregard the inference suggested by the question. Where there is a failure to request an instruction that the jury disregard the question or to ask for a mistrial, no predicate for an appeal exists. The trial court must be given the opportunity to correct asserted errors before an appellate court will listen to a plea that an in-

justice has been perpetrated. See Mong Ming Club v. Tang, 77 Ariz. 63, 266 P.2d 1091; Bruno v. San Xavier Rock & Sand Co., 76 Ariz. 250, 263 P.2d 308.

In any event, we doubt that prejudice resulted to appellant. At the conclusion of the evidence and the arguments, the court gave a cautionary instruction to the jury to the effect that as to any offer of evidence rejected by the court the jury was not to enter into conjecture as to what the answer might have been. We cannot assume other than that the jury confined its deliberations within the bounds of the court's instructions.

■ Appellant urges error in the closing argument of the county attorney wherein he referred to evidence contained in a transcript of the preliminary hearing which had not been received in evidence. Appellant did not object to the county attorney's argument and hence such may not be the predicate for the assignment of error in this Court. State v. Evans, 88 Ariz. 364, 356 P.2d 1106; State v. Boozer, 80 Ariz. 8, 291 P.2d 786; State v. Aldrich, 75 Ariz. 53, 251 P.2d 653. For a similar reason, the reference by the county attorney to a police report which was not introduced in evidence was not error.

Judgment of the court below is affirmed.

UDALL, C. J., and JENNINGS, J., concur.