402 P.2d 571

**STATE of Arizona, Appellee,**

**. v.**

**Tony ARMENTA, Appellant.**

**No. 1416.**

Supreme Court of Arizona.

In Division.

June 9, 1965.

Darrell F. Smith, Atty. Gen., Robert W. Pickrell, Former Atty. Gen., Stirley Newell, Former Asst. Atty. Gen., Phoenix, Allen L. Feinstein, Phoenix, of counsel, for appellee.

John M. Levy, Phoenix, for appellant.

LOCKWOOD, Chief Justice.

The appellant, who shall hereafter be referred to as the defendant, was tried before a jury on a charge of selling marijuana in violation of A.R.S. § 36–1002.07. On motion of the defendant the court excluded all witnesses except Roy Madrid, an officer who was employed by the State Liquor Control Board and was assigned as an undercover agent to buy narcotics.

Madrid, the main prosecution witness, testified that on the evening of April 24, 1963, he was sitting in an automobile with an informer when the defendant, accompanied by the defense witness, Saenz, approached his automobile. The defendant asked Madrid, to whom the defendant had been introduced a week earlier, if Madrid wanted to buy some marijuana. Madrid asked how much he could buy for five dollars. The defendant replied that he would let Madrid have eight cigarettes for five dollars.

According to Madrid's testimony he and the informer followed an automobile carrying defendant and defense witness Saenz to an apartment house. There the defendant gave Madrid the cigarettes. Madrid testified he delivered the cigarettes to a chemist who analyzed them. The chemist testified that the cigarettes contained a total of thirty-eight grains of marijuana.

The defendant testified, denying that he had talked to Madrid or sold the cigarettes to him. On direct examination he testified

**154**

that he had not been introduced to Madrid. On cross examination he said he had seen Madrid and had ridden with Madrid five days prior to the evening of the alleged sale.

Defense witness Contu testified that he owned the automobile which was parked in the place where the car driven by the defendant was on the night of April 24, 1963, and that he had never given the defendant or Saenz his permission to drive the car. On cross examination this witness admitted that he had been convicted of a felony in May 1959 and on further questioning stated that the felony was forcible rape.

Defense witness Saenz testified he met Officer Madrid five days prior to the time the alleged crime took place. He said that on the night of the alleged crime the informer who accompanied Officer Madrid had called to him from the automobile and asked whether "he had anything". Saenz answered "You know better than that". Saenz and the defendant got into Madrid's automobile and Madrid drove them to the Saenz's home.

█ The defendant claims that the trial court erred in allowing Officer Madrid to remain in the courtroom after defendant's motion to exclude witnesses from the courtroom had been granted. We do not agree. After the exclusionary rule had been applied the prosecutor requested that Officer Madrid, the investigating officer and first witness for the prosecution, be allowed to remain in the courtroom to assist him. The court granted this request.

In Riley v. State, 50 Ariz. 442, 73 P.2d 96 (1937), this court said:

"It is generally advisable in a criminal case that the county attorney have the prosecuting witness at hand so that he may, from time to time, question him in regard to the facts of the case in order that it may be properly presented to the jury, and such is the almost universal practice in this State."

See also State v. Romero, 85 Ariz. 263, 336 P.2d 366 (1959); State v. Thomas, 78 Ariz. 52, 275 P.2d 408 (1954), cert. denied, 350 U.S. 950, 76 S.Ct. 326, 100 L.Ed. 828 (1956) (overruled on another ground).

█ The defendant also claims that the court erred by allowing the prosecutor to question the defendant and the defense witness Saenz with regard to his and the defendant's meeting of Officer Madrid five days prior to the night of the alleged sale. The defendant alleges that the evidence was inflammatory and highly prejudicial, was irrelevant and immaterial, and influenced the jury to infer that the defendant may have been guilty of offenses other than those which occurred on the specific night of the sale charged.

We find nothing in the record to support the defendant's contention that the jury could infer that the defendant was guilty of other offenses.

The defendant also claims that the following cross examination of defense witness Contu was improper:

"Q. Where are you living now, though?

"A. Well, I am living in the county jail.

"Q. By choice?

[Counsel for defendant]: "I object to that, Your Honor, 'by choice.'

[Prosecutor]: "I will withdraw it.

"THE COURT: Very well. The question has been withdrawn.

[Prosecutor]: "Q. Mr. Contu, you have been convicted of a felony?

"A. Yes, I was when I was 15.

"Q. Just answer my question, if you would. And what felony was that?

"A. Rape.

"Q. Was that forcible rape or statutory rape?

[Counsel for defendant]: "I object to that. He admitted that he was convicted of a felony and that is all that he can do. He can't go any further than that.

"THE COURT: He may indicate the charge.

"THE WITNESS: Forcible."

The defendant claims that it was improper for the court to allow this testimony of an offense committed during the witness' youth because it had no reasonable bearing on the credibility of the witness. The court properly overruled the objection. The name and nature of a felony are a proper subject of inquiry under these circumstances. State v. Polan, 78 Ariz. 253, 278 P.2d 432 (1954); Udall, Arizona Law of Evidence, § 67 pp. 105–106. This conviction of which the witness testified took place a little more than four years prior to this trial and we cannot say that the conviction was so remote as to cast no reflection on the witness' credibility. State v. Harvill, 89 Ariz. 340, 362 P.2d 663 (1961); Sibley v. Jeffreys, 76 Ariz. 340, 264 P.2d 831 (1953).

The defendant also claims that the trial court erred in denying defendant's motion for a directed verdict because the evidence was insufficient as a matter of law to establish that the defendant had committed any crime. He claims in this regard that the state failed to prove all the material allegations in the information beyond a reasonable doubt. We must consider all the evidence in the strongest light in favor of the verdict. State v. Hernandez, 96 Ariz. 28, 391 P.2d 586 (1964); State v. Maxwell, 95 Ariz. 396, 391 P.2d 560 (1964); State v. Corrales, 95 Ariz. 401, 391 P.2d 563 (1964); State v. Izzo, 94 Ariz. 226, 383 P.2d 116 (1963). The evidence of Officer Madrid who was not an accomplice, supports the verdict.

The defendant also claims that the county attorney was guilty of misconduct in his closing argument to the jury. The record discloses that the closing argument was not reported nor was there any request therefor. There is nothing before this court to indicate what the county attorney said or if an objection was made to it. Thus we cannot review the county attorney's closing arguments. State v. Griffith, 92 Ariz. 273, 376 P.2d 134 (1962).

Judgment affirmed.

UDALL and McFARLAND, JJ., concurring.