99 Ariz. 256 (1965)
408 P.2d 400
The STATE of Arizona, Appellee,
v.
Moises REYES, Appellant.
No. 1504.
Supreme Court of Arizona. En Banc.
December 8, 1965.
*258 Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., for appellee.
Chris T. Johnson, Phoenix, for appellant.
McFARLAND, Justice.
Moises Reyes, hereinafter referred to as defendant, was tried, convicted, and sentenced to serve not less than six nor more than eight years in the Arizona state prison on each of two counts for the unlawful sale of narcotics, in violation of A.R.S. § 36-1002.02, as amended, the terms to be served consecutively. From the conviction and sentence he appeals.
*259 At approximately 12:15 a.m., December 9, 1963, Albert Dominguez, special employee of the Department of Liquor Licenses and Control, accompanied by an unidentified woman, left a tavern located at 3d Street and Jefferson in Phoenix, Arizona. He met defendant outside the tavern, and defendant agreed to sell Dominguez a paper of heroin. The three then drove in Dominguez's car to a parking lot across from defendant's hotel, located at 7th Street and Madison, also in Phoenix. Defendant went into the hotel, and returned shortly with the "paper," for which Dominguez gave him ten dollars. A.F. Barrios, agent of the narcotics division of the state liquor control, observed the meeting of defendant and Dominguez, and followed them to the parking lot, but did not see the actual exchange of money for heroin. After leaving defendant, Dominguez met agent Barrios, and handed him the paper of heroin later introduced in evidence.
On January 5, 1964, at approximately 3:10 p.m., Dominguez went to defendant's room in the vicinity of 7th Street and Buckeye Road, Phoenix, and again agreed to buy heroin from defendant. Dominguez drove defendant to 3d Street between Washington and Jefferson Streets, in Phoenix, and gave him ten dollars. Defendant was gone a short time, and returned with a paper of heroin. Dominguez drove defendant to his room, and then went home. Captain George Dowell of the narcotics division of the state liquor control went to Dominguez's home the same night and obtained the paper of heroin from Dominguez which "paper" was introduced later in evidence.
Defendant first claims prejudicial error based on the following cross-examination of Dominguez:
"Q Have you ever taken heroin yourself?
"MR. MARTIN: Objection, Your Honor.
"THE COURT: Sustained.
* * * * * *
"MR. JOHNSON: I would like to make an offer of proof, then, Your Honor.
"THE COURT: With this witness?
"MR. JOHNSON: Yes, sir.
"MR. MARTIN: I would object to that, Your Honor. This man is not a Defendant.
"THE COURT: The objection will be sustained. * * *
* * * * * *
"Q Are you now a narcotic addict?
"MR. MARTIN: Objection, Your Honor. No foundation has been laid for that whatsoever. This is a witness. Not a Defendant.
"THE COURT: Sustained.
* * * * * *
"Q Mr. Dominguez, have you ever sold narcotics to the Defendant before?

*260 "A Never, sir.
"MR. MARTIN: Object to that.
* * * * * *
"(At the bench.) THE COURT: The witness is not on trial. Your question, that last one, `Have you ever sold narcotics to the Defendant before'  there is no evidence before this Jury that he has ever sold narcotics to this Defendant before or after.
"MR. JOHNSON: There will be.
"THE COURT: When you ask a question like this, it is completely improper and the Court admonishes you not to examine a witness in this manner. If you have evidence that this man has sold narcotics to this Defendant, you put on your evidence to that effect, but don't leap to the conclusion that it is a accomplished. [Sic] Do you understand?"
The trial court did not err in sustaining the objection to the question "Have you ever taken heroin yourself?". The question is too broad. Generally a witness may be cross-examined as to whether he is under the influence of drugs at the time of testifying. People v. Buono, 191 Cal. App.2d 203, 12 Cal. Rptr. 604; and 52 A.L.R.2d 848. In the instant case the court did permit testimony as to the witness being under the influence of drugs at the time of his testimony:
"Q Are you under the influence of drugs right now?
"A No, sir."
The rule is well settled in Arizona that a witness may not be impeached by showing specific acts for which he has not received a felony conviction. State v. Johnson, 94 Ariz. 303, 383 P.2d 862; State v. Harris, 73 Ariz. 138, 238 P.2d 957. Under this rule the trial court did not err in admonishing defense counsel for asking the witness if he had ever sold narcotics to defendant before. Defendant's first and second assignments of error are unfounded.
Next, defendant contends the lower court erred in allowing narcotics agent Barrios to testify over objection as to a field test to find heroin content when he had not been qualified as an expert. We have held many times that it is in the discretion of the trial court whether a witness, designated expert or not, is competent to testify on a given matter. Hadley v. State, 25 Ariz. 23, 212 P. 458. However, this could not have been prejudicial error for the reason that an expert testified the paper contained heroin, and there was no evidence on the part of defendant to contradict this testimony.
Defendant assigns as error the trial court's refusal to give his requested instruction on entrapment. Such an instruction is properly refused where the *261 trial court finds no evidence to support this theory. State v. Akin, 75 N.M. 308, 404 P.2d 134; Jones v. State (Okl.Cr.), 321 P.2d 432. The defense of entrapment requires that the intent to commit the crime must not arise in the mind of the accused. State v. Saenz, 98 Ariz. 181, 403 P.2d 280; State v. Hernandez, 96 Ariz. 28, 391 P.2d 586. In State v. Chavez, 98 Ariz. 236, 403 P.2d 545, we said:
"`"* * * the defense of entrapment does not arise where one is ready to commit the offense given but the opportunity, * * *."'
"`Entrapment occurs only when there is undue persuasion, deceitful representation, or inducement to commit a crime which a defendant had not contemplated and would not otherwise have committed. * * *'" 98 Ariz. at 240, 403 P.2d at 548.
In the instant case defendant supports his contention based on testimony of Dominguez, first, that he had been looking for some one most of the night from whom to make a buy, and, second, that when defendant answered his door and Dominguez asked him if he had any heroin, defendant answered that he did not, but that he could obtain some. Therefore, defendant argues, Dominguez approached defendant, and originated in defendant's mind the thought of making the sale. We cannot agree with this contention. In State v. Akin, supra, the court, in sustaining the trial court's refusal to instruct on the defense of entrapment, said:
"Also, in Roybal [State v. Roybal, 65 N.M. 342, 337 P.2d 406], we stated that while suspected persons can be tested by being offered an opportunity to transgress the law, they may not be put under any extraordinary temptation or inducement, and cited United States v. Wray, D.C., N.D., Ga., 8 F.2d 429, wherein, with respect to the question of what constitutes undue persuasion or enticement, the court said, in part:
"`* * * A suspected person may be tested by being offered opportunity to transgress in such manner as is usual therein, but may not be put under extraordinary temptation or inducement. * * * The question, I repeat, is not one of laying a trap or of trickiness or deceit, but one of seduction or improper inducement to commit crime. The former is permissible and often necessary to enforce the law. The latter is not. * * *' * * *" 404 P.2d at 136
Here, Dominguez provided merely the opportunity to sell, and there was neither undue prejudice, deceitful representation or inducement to do so.
Defendant contends that the evidence was insufficient to show that he sold *262 the narcotics to the informer. This contention is unfounded, as is shown by the statement of facts. There was without question sufficient evidence to submit to the jury. Dominguez testified as to both sales. Agent Barrios testified that while he did not see the actual sale in the first count he had followed defendant to the place of the sale. There was uncontradicted evidence in both counts that the "paper" which Dominguez furnished contained heroin.
We have repeatedly held, in reviewing the sufficiency of evidence to support a verdict, the evidence must be viewed in the light most favorable to the state, and all reasonable inferences be resolved against defendant. State v. Mangrum, 98 Ariz. 279, 403 P.2d 925; State v. Moraga, 98 Ariz. 195, 403 P.2d 289; State v. Chavez, supra.
The next assignment of error is based on cross examination of Joe Reyes, brother of defendant, as follows:
"Q Have you ever been convicted of a felony?
"A No, sir.
"Q Where were you yesterday?
"A County Jail.
"Q All day?
"MR. JOHNSON: I object to this line of questioning.
"MR. MARTIN: We have a right to impeach the witness.
"MR. JOHNSON: May we approach the bench?
"THE COURT: You may.
(Whereupon, a conference was held at the bench.)
"THE COURT: Objection will be overruled.
"BY MR MARTIN: Q Where were you all day yesterday?
"A Over in Division 17.
"Q And, what were you doing there?
"MR. JOHNSON: Your Honor, I object.
"MR. MARTIN: I am trying to impeach this witness.
"THE COURT: Very well. Objection will be overruled.
"BY MR. MARTIN: Q What were you doing there?
"A I was in Court.
"Q For what?
"A Narcotics.
"Q What happened?
"A They found me guilty."
A witness may be impeached on cross examination by a showing of conviction of felony, not too remote in time. State v. Loftis, 89 Ariz. 403, 363 P.2d 585; State v. Harris, supra. Defendant contends that Reyes had not been convicted of a felony because at the time of his cross-examination there had been only a verdict of guilty *263 by the jury, and no judgment or sentence entered thereupon. This contention is without merit. We recently held that a conviction is a verity until set aside, and thus permissible to be considered by the jury as destructive of the witness's credibility, though said felony conviction is on appeal. State v. Johnson, 99 Ariz. 52, 406 P.2d 403. The question thus presented is whether a verdict of the jury constitutes a conviction which may be used for impeachment before judgment and sentence is pronounced by the court. Rule 306, Arizona Rules of Criminal Procedure, 17 A.R.S., provides as follows:
"The term conviction as used in these Rules means the final acceptance of a plea of guilty or the finding by the jurors or by the court that the defendant is guilty."
In determining the question of the admissibility of evidence of a verdict of the jury for impeachment we must look to the purpose of this rule of law permitting evidence of prior convictions for impeachment purposes. The word "conviction," as used in Rule 306, supra, certainly has the meaning of either the plea of guilt by defendant or the finding of guilt by the jury, and not the judgment or sentence of the court upon that finding. This type of evidence is admitted for the purpose of showing the character of the witness in order that the jury or court may determine the weight and credence that should be given his evidence. It affects his credibility as a witness. There is a division of authority in regard to this question, but we feel the better rule supports its admissibility.[1] In the case of Commonwealth of Kentucky v. Reynolds, 365 S.W.2d 853, the court, in defining the word "conviction" for impeachment purposes, stated:
"It has been held that the word `convicted' (or `conviction') is equivocal and its meaning may vary according to its use in a particular statute. DeVeau v. Braisted, 5 A.D.2d 603, 174 N.Y.S.2d *264 596. The opinion in Dial v. Commonwealth, 142 Ky. 32, 133 S.W. 976, recognized that the word admits of different interpretations and said it had a twofold meaning: One is the determination of the fact of guilt, as by the verdict of a jury or by confession. The other denotes the final judgment in a prosecution when it is employed in speaking of a state of infamy. The truth of those observations will be impressed upon anyone who peruses the thirty-eight pages in Words and Phrases, Vol. 9A, which are devoted to cases in which this word has been defined. The word generally means the ascertainment of defendant's guilt by some legal mode and an adjudication that the accused is guilty. This may be accomplished by a confession by the accused in open court, a plea of guilty or a verdict which ascertains and publishes the fact of guilt. We believe in the majority of those cases and in the majority of jurisdictions (although we have not counted noses), the word `conviction' is not limited to a final judgment.
* * * * * *
"When a felon is offered as a witness under CR 43.07 the purpose of impeachment is to warn the court and the jury that testimony given by him may not be worthy of belief because of his status as a criminal. The Rule is not concerned with the penalty which may or may not have been imposed or whether, if one was imposed, the accused served out his time in the penitentiary. If it is shown that he has been guilty of a felony and his guilt has been fixed either by a plea of guilty or a verdict of the jury, he has been convicted so far as this Rule is concerned and his testimony is to be accepted with suspicion. If the presumption of innocence has been overcome, the extent of the penalty is of little importance and he has been convicted of a felony under this particular Rule." 365 S.W.2d at 854 and 856
We therefore hold that the verdict of a jury before judgment may be admitted for impeachment purposes. Defendant, however, in the instant case, contends that once the witness had answered "no" to the question of his conviction it became a collateral matter, and it was error to permit any examination in regard to the same. We have held in previous cases that a county attorney cannot question a witness in regard to prior convictions unless he is prepared to impeach him. State v. Goodyear, 98 Ariz. 304, 404 P.2d 397; State v. Eddington, 95 Ariz. 10, 386 P.2d 20; State v. Hilliard, 89 Ariz. 129, 359 P.2d 66; State v. Stago, 82 Ariz. 285, 312 P.2d 160; State v. Singleton, 66 Ariz. 49, 182 P.2d 920.
Certainly, in the instant case, the county attorney was prepared to impeach the witness. The conviction was in another division *265 of the same court. All he had to do to show the conviction was call the clerk of the court as a witness. This became unnecessary because in the course of the examination defendant admitted the conviction, which could not have been error under the circumstances because it permitted him to explain that sentence had not been pronounced against him, and that he did not understand the question for the reason he did not speak English very well.
The next assignment of error of defendant was the refusal of the trial court to grant continuance overnight to allow defense counsel time to secure attendance of a witness. He did not make any showing that he would be able to find the witness, or that she would testify in his behalf. The witness whom defendant desired was a woman who, Dominguez testified, was present during the sale of narcotics on the first count. The question of granting a continuance is largely within the discretion of the trial court, and this court will not reverse on these grounds unless it is clearly shown that there is an abuse of discretion. State v. Wallace, 98 Ariz. 243, 403 P.2d 550; and State v. LeVar, 98 Ariz. 217, 403 P.2d 532. We do not feel the record in this case justifies a finding that the court abused its discretion.
Judgment affirmed.
LOCKWOOD, C.J., STRUCKMEYER, V.C.J., and BERNSTEIN and UDALL, JJ., concurring.
NOTES
[1] Jurisdictions supporting admission 

Calif.  People v. Ward, 134 Cal. 301, 66 P. 372
Hawaii  Territory v. Warner, 39 Hawaii 386
Ill.  People v. Andrae, 295 Ill. 445, 129 N.E. 178
Kentucky  Commonwealth v. Reynolds, 365 S.W.2d 853
Maine  State v. Knowles, 98 Me. 429, 57 A. 588
Wash.  State v. Robbins, 37 Wash.2d 492, 224 P.2d 1076
Jurisdictions opposing admission 
District of Columbia  Thomas v. United States, 74 App.D.C. 167, 121 F.2d 905
Iowa  Hackett v. Freeman, 103 Iowa 296, 72 N.W. 528
Mass.  City of Boston v. Santosuosso, 307 Mass. 302, 30 N.E.2d 278
Mich.  People v. Maunausau, 60 Mich. 15, 26 N.W. 797
Nebraska  Marion v. State, 16 Neb. 349, 20 N.W. 289
New Mexico  State v. Roybal, 33 N.M. 540, 273 P. 919
Pennsylvania  Commonwealth v. Finkelstein, 191 Pa.Super. 328, 156 A.2d 888