414 P.2d 726

**STATE of Arizona, Appellee,**

**v.**

**Jimmie Powell RABON, Appellant.**

**No. 1670.**

Supreme Court of Arizona.

In Division.

May 26, 1966.

Darrell F. Smith, Atty. Gen., Philip W. Marquardt, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

The defendant, Jimmie P. Rabon, was charged with violation of A.R.S. § 36–1002.07, illegal sale of marijuana. The defendant pleaded not guilty, was tried by a jury and was found guilty. Thereafter the court sentenced him to a term of not less than fifteen years nor more than twenty years in the Arizona State Prison, the defendant having been convicted of a prior felony.

The relevant facts are substantially as follows: Undercover agent Thompson of the State Narcotic Bureau testified that he

"had an understanding" that the defendant was selling narcotics. Thompson met the defendant in early April of 1965, in company with another person suspected to be a narcotics seller. Thompson associated with the defendant for a few weeks and bought him drinks and on many occasions discussed the subject of narcotics and marijuana with him.

On April 28, 1965 Thompson and his car were searched by his superiors for narcotics. Thompson was provided with the $5.00 for a purchase of marijuana. He then drove to the Star Tavern where he met the defendant and told the defendant he was ready to purchase some marijuana cigarettes. Defendant replied "I have some but I will have to pick it up and I don't have any transportation." Thereupon, the defendant entered Thompson's car and directed Thompson to a home on East Burgess Lane where Thompson gave the defendant $5.00 to purchase marijuana. The defendant and Thompson some three minutes later drove to another address and entered a house wherein the defendant rolled seven marijuana cigarettes and gave them to Thompson.

Defendant presents one basic issue on appeal. The defendant contends that the undercover agent solicited and planted the seed for the commission of this crime and thereby entrapped him. Thus defendant contends that his motion for a directed verdict should have been granted as the state failed to carry its burden that the intent to sell the marijuana originated with the defendant.

The fact that government agents merely afforded opportunities or facilities to a suspected person for the commission of the offense does not constitute entrapment. See State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965). Entrapment occurs only when the criminal conduct was the product of the creative activity of law enforcement officials. See State v. Saenz, 98 Ariz. 181, 403 P.2d 280 (1965); Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Moreover, we stated in State v. Hernandez, 96 Ariz. 28, 391 P.2d 586:

"* * * a crucial element of the defense of entrapment is that the intent to commit the crime must not arise in the mind of the accused. * * * the defense of entrapment does not arise where one is ready to commit the offense given but the opportunity, * * *." Id. at 31, 391 P.2d at 587–588.

Entrapment as a matter of law is established only where undisputed testimony makes it patently clear that an otherwise innocent person was induced to commit acts complained of by trickery, persuasion or fraud of government agent. See State v. Chavez, 98 Ariz. 236, 403 P.2d 545 (1965); State v. Gortarez, 98 Ariz. 160, 402 P.2d 992 (1965); Sorrells v. United States, 287 U.S. 435, 53 S.Ct. 210, 77 L.Ed. 413 (1932); United States v. Millpax, Inc.,

313 F.2d 152 (7th Cir.), cert. denied, 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 198 (1963). However the established facts do not constitute entrapment as a matter of law.

As the trial judge adequately instructed the jury on the law of entrapment the jury could and apparently did find that the defendant was merely afforded an opportunity to commit the offense charged. Cf. State v. Gortarez, supra.

Affirmed.

BERNSTEIN, V. C. J., and UDALL, J., concurring.