425 P.2d 570

STATE of Arizona, Appellee,

v.

Robert DUPLAIN, Appellant.

No. 1721.

Supreme Court of Arizona.

In Banc.

March 29, 1967.

Darrell F. Smith, Atty. Gen., Gary K. Nelson, Asst. Atty. Gen., Phoenix, for appellee.

Vernon B. Croaff, Public Defender, Grant Laney, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice.

The defendant Duplain appeals from a conviction on two counts for the illegal possession and sale of marijuana. Defendant's principal defense was that of entrapment, alleging that the state's agents induced him to purchase the marijuana for resale, and thus the intent to commit the crime did not arise in the mind of the accused.

The police officer to whom defendant sold the marijuana testified that defendant first brought the subject of narcotics up, while the officer was a guest at defendant's house, and stated that he knew where he could get some if anyone had the money to buy it. The officer stated he did not previously indicate any interest in narcotics to the defendant. Duplain accepted money from the officer, and was unable to obtain any marijuana on that particular night, but did obtain some several days later, and turned the narcotic over to the officer. Defendant claims that he did not initiate the conversation as to buying the drug, but rather one of his guests first mentioned it.

In order to effectively claim the defense of entrapment, there has to exist activity by the State in the nature of undue persuasion, or inducement to commit a crime that defendant would not have otherwise committed, not just the providing of the mere opportunity for the accused to commit the offense. State v. Rabon, 100 Ariz. 344, 414 P.2d 726 (1966); State v. Chavez, 98 Ariz. 236, 403 P.2d 545 (1965); State v. Hernandez, 96 Ariz. 28, 391 P.2d 586 (1964). As was stated in Hernandez:

"* * * a crucial element of the defense of entrapment is that the intent to commit the crime must not arise in the mind of the accused. * * * the defense of entrapment does not arise where one is ready to commit the offense given but the opportunity * * *." 96 Ariz. 28, 31, 391 P.2d 586, 587.

In the present case, the record when viewed most favorably towards the defendant, discloses that only the opportunity to commit the crime was presented the accused, which he willingly seized. When the evidence is taken in a light most favorable to the state, it shows that the intent to commit the crime initiated in defendant's own mind. Thus, in either case, it is clear that no case of entrapment existed.

Defendant also claims that the facts of this case do not support a conviction for the possession of marijuana as well as for its sale and the Attorney General on behalf of the State concurs. Where the marijuana is obtained solely for the purpose of one particular sale, there is only one transaction involved and only one offense committed. State v. Vallejos, 89 Ariz. 76, 358 P.2d 178 (1960). The evidence here shows that the possession of

the drug was incidental to the sale, and there is no evidence that defendant kept any marijuana or any other narcotic in his possession.

The judgment of conviction and the sentence based on count two are set aside. Judgment affirmed as to count one.

BERNSTEIN, C. J., ERNEST W. Mc-FARLAND, V. C. J., and STRUCK-MEYER and UDALL, JJ., concur.