492 P.2d 402

**STATE of Arizona, Appellee,**

v.

**John Joseph CHUDY, Appellant.**

**No. 2210.**

Supreme Court of Arizona,
In Banc.

Jan. 5, 1972.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee; Larry F. Felix, Tempe, of Counsel.

John M. Levy, Phoenix, for appellant.

LOCKWOOD, Justice:

John Joseph Chudy was charged with the crime of selling marijuana, a violation of A.R.S. § 36–1002.07. A jury convicted him and he was sentenced to serve five to six years in the Arizona State Prison. He appeals from the judgment and sentence, and from the denial of motions for new trial and to set aside the verdict.

On February 21, 1970, Barbara Butler, who was then a student at Gila Bend High School, was "cruising around" in her car on the main street of Gila Bend. At approximately 10:15 p. m., she saw a car being driven by an acquaintance, Clyde Seel. Defendant, John Chudy, and his brother, Victor Chudy, were passengers in Seel's auto. The cars pulled off the road and stopped side by side. John Chudy rolled down his window and had a short conversation with Barbara. Barbara testified that John Chudy asked her if she wanted to buy any more "grass," and that she replied that she "would have to talk to a friend to see if they wanted to buy any." Clyde Seel testified that at that time, he, Clyde, had not been listening to the conversation between Barbara Butler and John Chudy.

Following this conversation, Barbara drove to a telephone and called Maricopa County Deputy Sheriff John Wike. Several weeks earlier, Deputy Wike had asked Barbara to call him in the event that she should receive information concerning illicit drug activity in Gila Bend. After the phone call, Wike met Barbara, gave her a marked ten dollar bill, and "told her to make a purchase of marijuana with it."

Thereafter, Barbara drove back through the town, encountered the Seel car, and told John Chudy that she wanted to purchase the marijuana. Both cars then drove to the Chudy home, where John Chudy procured two "lids" (one ounce packages) of marijuana. Barbara paid for one "lid" with the marked ten dollar bill, and, without Deputy Wike's knowledge purchased a second "lid" with ten dollars of her own money.

Barbara left the Chudy home, and, after apparently having a change of heart, "got rid" of one "lid," allegedly by scattering its contents off the highway. She gave the remaining "lid" to Deputy Wike. Meanwhile Clyde Seel and John and Victor Chudy drove to a cafe, and shortly thereafter Deputy Wike also arrived. He asked the boys to accompany him outside, which they did. He gave them *Miranda* warnings, and then asked John Chudy if he was carrying any money. Chudy produced the marked ten dollar bill. Deputy Wike then placed the Chudy brothers and Seel under arrest.

Clyde Seel and John Chudy were each charged with selling marijuana. At the close of the evidence, however, the state dismissed the charge as to Seel. On appeal, John Chudy alleges that:

"The State failed to prove the crime as charged by its use of evidence illegally obtained, and for the reason that police authorities entrapped the defendant into any alleged sale; that police authorities used a minor for such entrapment in violation of A.R.S. § 36–1002.08; that the evidence used and the prosecution of the defendant was obtained from an admittedly unreliable informer and witness, and finally, as the evidence was obtained by illegal means, such evidence was tainted and constituted fruit from the poisonous tree."

"Therefore, the court erred by refusing to grant appellant's motions below for mistrial, dismissal of the information, or new trial and in failing to instruct the jury concerning the defense of entrapment."

We will treat these questions in the order raised by defendant.

## ENTRAPMENT

Chudy asserts that under the rule of State v. Martin, 106 Ariz. 227, 474 P.2d 818 (1970), his conviction should be reversed. The *Martin* case, quoting from State v. Boccelli, 105 Ariz. 495, 467 P.2d 740 (1970), stated that the essence of an

entrapment is "an inducement to commit a crime which the accused would not have otherwise committed." In *Martin*, an "inducement" was found, but the facts of the *Martin* case are clearly distinguishable from those in the instant case. In *Martin*, secret informers for the police enticed the defendant into selling them L.S.D., but only after persistent prodding. In State v. Duplain, 102 Ariz. 100, 425 P.2d 570 (1967), we stated that:

"In order to effectively claim the defense of entrapment, there has to exist activity by the State in the nature of undue persuasion, or inducement to commit a crime that defendant would not have otherwise committed, not just the providing of the mere opportunity for the accused to commit the offense." 102 Ariz. at 101, 425 P.2d at 571.

In the instant case it is clear that Chudy was ready and willing to sell to Barbara Butler. There was no affirmative inducement. Chudy's brief makes reference to a meeting between Barbara and Chudy on the previous day, Friday, February 20, 1970. The testimony with regard to this incident is vague, but it does not suggest any inducement on the part of Barbara or Deputy Wike. The trial court did not err in refusing to give an entrapment instruction. *See* State v. Boccelli, *supra*; State v. Reyes, 99 Ariz. 257, 408 P.2d 400 (1965); State v. Deschamps, 105 Ariz. 530, 468 P.2d 383 (1970).

## USE OF MINOR FOR TRAFFIC IN MARIJUANA

A.R.S. § 36–1002.08 provides that:

"Every person of the age of twenty-one years or over who hires, employs, or uses a minor in unlawfully transporting, carrying, selling, giving away, preparing for sale or peddling any marijuana, or who unlawfully sells, furnishes, administers, gives, or offers to sell, furnish, administer, or give, any marijuana to a minor, or who induces a minor to use marijuana *in violation of law*, is guilty of a felony * * *. (Emphasis added.)

We are uncertain which particular clause of the above statute was, according to Chudy, violated by Deputy Wike, but we note that the use of a minor must, under this statute, be "in violation of law". Wike's use of Barbara Butler as a source of information for the Sheriff's Department was in furtherance of law enforcement, not in violation of law. Moreover, A.R.S. § 36–1012 states that:

"The provisions of this article [the Uniform Narcotic Drug Act] restricting the possessing and having control of narcotic drugs [including marijuana, see A.R.S. § 36–1001(14)] *shall not apply* to * * * persons whose possession is for the purpose of aiding public officers in performing their official duties." (Emphasis added.)

For these reasons, Chudy's argument in this regard cannot prevail. Although Barbara purchased a second "lid" from Chudy with her own money and without the knowledge of Deputy Wike, this act in no way detracts from the fact that an illegal sale was made by the defendant. Wike did not know that Barbara purchased the second "lid." The State, therefore, cannot be accused of employing Barbara to commit an unlawful act.

## UNRELIABLE INFORMER

During the trial, Deputy Wike was asked by the prosecutor, "Does she [Barbara Butler] appear to be trustworthy?" The witness answered, "No." Chudy contends that Wike's lack of faith in Barbara's credibility renders his arrest illegal and the evidence gained through Barbara's tip inadmissible.

The record includes a warrant for the arrest of Chudy, but this instrument is dated February 24, 1970—three days after Chudy's actual incarceration. We therefore conclude that Chudy's arrest was, in fact, made without a warrant.

In Arizona, "A peace officer may, without a warrant, arrest a person * * *

[w]hen he has probable cause to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it." A.R.S. § 13–1403(4) (Supp.1972). The United States Supreme Court has stated that whether an arrest is valid under the Fourth Amendment to the United States Constitution is dependent upon whether, at the moment the arrest is made, the officers have probable cause to make it—whether at that moment the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent man in believing that the defendant is committing or has committed an offense. Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959). See also State v. Dessureault, 104 Ariz. 380, 453 P.2d 951 (1969).

■ It is well settled that an arrest based *solely* upon a tip from an unreliable informer is unlawful because it is not based upon probable cause, Beck v. Ohio, *supra*; A.R.S. § 13–1403(4) (Supp.1972), and evidence obtained in a search incident to an unlawful arrest is not admissible, Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961); State v. Pina, 94 Ariz. 243, 383 P.2d 167 (1963). Prior to Chudy's arrest, Deputy Wike had spoken to Barbara Butler concerning the proposed sale of marijuana, and he had in his possession a "lid" of marijuana which Barbara told him she had purchased from Chudy. At this point, the evidence may not have been

sufficient to constitute probable cause. Significantly, however, after he was given his *Miranda* warnings, Chudy voluntarily gave the marked ten dollar bill to Deputy Wike.

The United States Supreme Court has held that a magistrate may find probable cause sufficient to justify the issuance of a search warrant, even though he has no knowledge of the informant's previous reliability, when the informant's tip is supported by other information which contains an "ample factual basis" for believing the informant. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971).[1]

Applying the rule of United States v. Harris to the instant case, we note that the record shows that at the moment of the arrest, Deputy Wike had considerable evidence corroborating Barbara Butler's tip that John Chudy had in fact sold marijuana to her—despite what doubts Wike may have had (or later acquired) as to Barbara's reliability. The totality of these facts and circumstances was sufficient to justify Deputy Wike in believing that Chudy had sold the "lid" to Barbara. We therefore hold that Deputy Wike had probable cause to make the arrest, and that the tip given by Barbara Butler, as well as the "lid" of marijuana and the marked ten dollar bill, were legally obtained and therefore were properly admissible in evidence. Thus defendant's argument as to fruit of the poisonous tree is untenable.

Judgment affirmed.

HAYS, C. J., UDALL, V. C. J., and STRUCKMEYER and CAMERON, JJ., concur.

---

1. Although the *Harris* case dealt with probable cause in the realm of search warrants, the quantum of probable cause justifying the issuance of a search or arrest warrant by a magistrate is similar to the quantum of probable cause which officers must have before they may make a warrantless search or, as in the instant case, a warrantless arrest. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959).