493 P.2d 1226

**STATE of Arizona, Appellee,**

v.

**Richard Paul BARTKY, and Larry Allen Starnes, Appellants.**

**Nos. I CA–CR 352—I CA–CR 355.**

Court of Appeals of Arizona,
Division 1,
Department A.

Feb. 28, 1972.

Rehearing Denied March 15, 1972.

Review Denied May 2, 1972.

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., for appellee.

Herbert B. Finn and Galen H. Wilkes, Phoenix, for appellant Bartky.

Wilson & Russin, by Alexander Russin, Holbrook, for appellant Starnes.

STEVENS, Presiding Judge.

These appeals follow pleas of guilty, judgments of guilt and sentences and probation.

We first consider a claim of error in relation to one additional Navajo County Superior Court case. Bartky urged error in a supposed failure to establish a factual basis for the pleas of guilty in relation to two counts, each count charging the offense of contributing to the delinquency of a minor. Our search of the records on appeal failed to disclose a charge of contributing in any of the formal criminal charges which are before us. The Judges of this Court conferred and addressed a letter to the Clerk of the Superior Court for Navajo County, with a copy to each counsel, making inquiry as to the above charge. The reply established that the contributing charges were contained in Navajo County Superior Court cause number 3873 and that on the pleas of guilty the appellants were adjudged guilty and sentenced to the time theretofore served. Neither of the appellants appealed from that cause.

In 1 CA–CR 352 (Navajo County No. 3891) both Starnes and Bartky were charged in a two-count information, Count One being possession of marijuana alleged to have occurred on 30 August 1970 and Count Two being possession of marijuana for sale alleged to have occurred on 30 August 1970.

In 1 CA–CR 353 (Navajo County No. 3892) both defendants were charged with the offense of escape from a Navajo County jail alleged to have occurred on 4 September 1970.

In 1 CA–CR 354 (Navajo County No. 3893) both defendants were charged with the grand theft of an automobile alleged to have occurred on 4 September 1970.

In 1 CA–CR 355 (Navajo County No. 3894) Starnes was charged with burglary in the first degree alleged to have occurred on 4 August 1970.

Unless the context of this opinion otherwise indicates, further references to case numbers will be to the Court of Appeals case numbers.

## PLEA BARGAINING

The defendants both pled guilty to all charges in CR–352, CR–353 and CR–354. Starnes pled guilty to the charge in CR–355. There was a plea bargaining which was reported by a court reporter and the plea-bargaining proceedings were transcribed. It was agreed to recommend to the trial court that each of the defendants be sentenced to 4½ to 5 years on each count to run concurrently in connection with CR–352 and CR–353 and that each defendant would be given probation in CR–354. Starnes was to receive the same concurrent sentence in CR–355. It was further recommended that both be sentenced to time served in connection with the hereinbefore mentioned contributing case. This recommendation was adopted and followed by the trial court.

The trial judge announced that he would approve the plea bargaining as to Bartky but that in view of Starnes' record he would not accept the recommendation. The trial court then advised Starnes that he had the privilege of withdrawing his pleas of guilty and standing trial. Starnes declined to withdraw his pleas of guilty and elected to have his several pleas of guilty remain.

## JUDGMENTS OF GUILT, SENTENCES AND PROBATION

Bartky was adjudged guilty of the several offenses before us and given concurrent 4½ to 5 years sentences for possession, for possession for sale, and for jail escape. In relation to the offense of grand theft, the imposition of sentence was suspended and he was placed in 8 years probation.

Starnes was adjudged guilty of the several offenses before us and given concurrent sentences of 5 to 5½ years for pos-

session, possession for sale, jail escape and burglary in the first degree. In relation to the offense of grand theft, the imposition of sentence was similarly suspended and he was placed on 8 years probation.

We have examined the record and find that no useful purpose will be served so far as the case law of this State is concerned in making a recitation of the record. From the record we find full compliance with the spirit of Federal Criminal Rule 11. See State v. Williker, 107 Ariz. 611, 491 P. 2d 465 (1971).

## THE IDENTICAL ELEMENTS TEST

The application of A.R.S. § 13–1641 remains to be disposed of. This section is referred to as Arizona's double punishment section. In deciding whether two offenses fall within the purview of this section, the Arizona courts apply the "identical elements" test. See State v. Tinghitella, 108 Ariz. 1, 491 P.2d 834 (1971) and State v. George, 108 Ariz. 5, 491 P.2d 838 (1971). In the two offenses charged in CR–352 the identical element is the "possession". Cases which illustrate the application of this principle in the field of narcotics are the case of State v. Duplain, 102 Ariz. 100, 425 P.2d 570 (1967), a case wherein the Arizona Supreme Court did not permit counts of both possession and possession for sale of marijuana to stand, and the case of State v. Arce, 107 Ariz. 156, 483 P.2d 1395 (1971), where our Supreme Court did not permit a conviction of both possession and possession for sale of heroin to stand.

Pursuant to the mandate of A.R.S. § 13–1715, subsec. B we have searched the record for fundamental error. We have found no error other than the double punishment relative to the two counts concerning marijuana.

The issuance of the mandate in connection with this appeal will constitute an order vacating the judgments of guilt and the sentences as to both defendants for the offense of illegal possession of marijuana for sale which is Count Two of

Navajo County Superior Court cause number 3891. No action of the trial court is required in this connection. In all other respects the judgments of guilt together with the sentences and probation are affirmed.

CASE and DONOFRIO, JJ., concur.