STATE vs. LaForest Knowles.

Same vs. Fred D. Bartlett.

Franklin.    Opinion February 12, 1904.

98   429
f102  315
102  316

*Indictment.    Evidence,*—Prior conviction.  Impeaching witness' credibility by his admissions on cross-examination.

In a criminal case the sentence is no part of the conviction.

It matters not whether the guilt of the accused has been established by plea or by verdict of guilty. When no issue of law or of fact remains to be determined, and there is nothing to be done except to pass sentence, the respondent has been convicted; and the record of that conviction, or the docket entries where no extended record has been made, are admissible to prove such conviction.

For the purpose of impeaching his credibility the conviction of a witness may also be proved by his own admission upon his cross-examination.

Exceptions by defendants.    Overruled.

Indictments for burglary in the night time.

The respondents were each indicted for breaking and entering the dwelling-house of one John Vehue in the night time, a person being then and there lawfully therein, with intent, etc., and then and there in said dwelling-house, sixty pounds of pork of the value of six dollors, etc., did take, steal and carry away, etc., on the eighteenth day of April, 1903. The two indictments were the same except the names of the parties. Both parties were tried together by agreement.

Fred D. Bartlett, one of the respondents who was a witness, was asked by the County Attorney if he had ever been convicted of crime before, which was objected to, but the court overruled the objection and directed him to answer.

Said Bartlett, also against objection of the respondents, was required by the County Attorney to give his version of the talk he had with the officer who arrested him, after he was indicted, in regard to his pleading on his trial.

Byron M. Small, Clerk of Courts, against objection, was allowed to introduce his docket entries and also the complaints in two crim-

inal prosecutions (one against each of the respondents) which had been commenced before the Municipal Court and brought into the S. J. Court by appeal at the May Term, 1903; said minutes showing that said cases were appealed and brought into this court, wherein the respondent in each case retracted his plea and pleaded guilty; thereupon each case was continued for sentence, and each defendant recognized without sureties. No extended record of these cases had been made. To the point first and last above named the presiding justice instructed the jury that such evidence could only affect the credibility of the parties convicted.

To these instructions and directions the defendants took exceptions.

*H. S. Wing,* County Attorney, for State.

*H. L. Whitcomb,* for defendants.

In all cases the best evidence is required.

It is an indispensible rule of law that evidence of ·an inferior nature, which supposes evidence of a higher in existence, and which may be had, shall not be admitted. *Com.* v. *Kinison,* 4 Mass. 646; *Barnard* v. *Flanders,* 12 Vt. 657; *Willard* v. *Whitney,* 49 Maine, 235.

The fact that a witness has been in the house of correction cannot be proved by cross-examination of the witness, but must be proved by the record of his conviction. *Com.* v. *Quin,* 5 Gray, 478.

It has been repeatedly held that the fact an appeal was taken, can only be shown by the record of the lower court. *Moore* v. *Lyman,* 13 Gray, 394; *Sayles* v. *Briggs,* 4 Met. 421; *Wells* v. *Stevens,* 2 Gray, 115; *Lund* v. *George,* 1 Allen, 403.

The case of *State* v. *Carson,* 66 Maine, 116, is directly in point. In that case Mr. Justice LIBBEY says, "A party to a suit may be a witness. If a witness, his examination must be conducted under the same rules that are applicable to the examination of any other witness. To impeach his credibility, it is not competent to prove by other witnesses that he has committed other crimes than the one with which he is charged; nor is it competent to do the same thing by cross-examination." That case shows that the evidence was incompetent for the purpose of impeaching the credibility of the witness, because it could be shown in no other way than by the record of the

convictions, or a duly authenticated copy thereof, and Justice LIBBEY cites, *Holbrook* v. *Dow*, 12 Gray, 357.

Nor was the evidence competent as tending to prove the crime for which the prisoner was on trial.    *Com.* v. *Thrasher*, 11 Gray, 450.

In *State* v. *Pike*, 65 Maine, 111, a witness for the State testified on cross-examination that he had been confined in jail.    Then in answer to a question from the prosecuting officer, against objection, said it was for "getting tight."

The court in that case say, "For ought that appears, he may have been confined by a police officer, without any trial or sentence;" and the exception was overruled.

But in the case at bar, the party was asked if he had ever been *convicted* of crime before; i. e. whether he had ever been found guilty by a court of committing an offense.

SITTING:  WISWELL,  C.  J.,  WHITEHOUSE,  STROUT,  POWERS, PEABODY, SPEAR, JJ.

POWERS, J.  The respondents were severally indicted for burglary and tried together by agreement.    The exceptions present two questions which are insisted upon in argument.

I.  Against objection the docket entries and also complaints in two criminal prosecutions, one against each of the respondents, which had been commenced before the Municipal Court, and brought into the Supreme Judicial Court by appeal, were introduced by the State to affect the credibility of the respondents.    The docket entries show that the cases were appealed and brought into this court, where the respondent in each case retracted his plea and pleaded guilty, and thereupon each case was continued for sentence and each defendant recognized without sureties.    No extended record of the cases had been made.

It is settled that the sentence is no part of the conviction.    It matters not whether the guilt of the accused has been established by plea or by verdict of guilty.    When no issue either of law or fact remains to be determined, and there is nothing to be done except to pass sen-

tence, the respondent has been convicted; and the record of that conviction, or the docket entries where no extended record has been made, are admissible against him to prove such conviction. *State* v. *Elden,* 41 Maine, 165; *State* v. *Neagle,* 65 Maine, 468; *State* v. *Hines,* 68 Maine, 202.

II.    The respondent Bartlett was a witness in his own behalf, and upon cross-examination was asked by the county attorney if he had ever been convicted of crime.    Objection was made, but the presiding justice overruled the objection and directed the respondent to answer, and in his charge instructed the jury that the evidence thus elicited could only affect the credibility of the party convicted.

Whether to impeach his credibility the conviction of a witness may be proved by questioning him on cross-examination, has been variously decided by different judicial tribunals.    Formerly, when conviction of an infamous crime rendered a witness incompetent, it was universally held that for that purpose the conviction could be proved by the record alone.    In many of those jurisdictions, however, where the conviction of crime no longer affects the competency but simply goes to the credibility of the witness, there has been a tendency, sometimes by legislative enactment and sometimes by judicial decision, to broaden the sources of evidence and permit the conviction to be shown by cross-examination of the witness himself.    In a technical sense, the record may be the best evidence and the rule of primariness may require its production.    This general rule, however, is of no great value unless in its application to the subject under consideration, it is ' necessary for the interests of justice to avoid error, exclude falsehood, and promote the truth.    It can hardly be claimed that a record of conviction is any more convincing to the mind, or less liable to error, than is the witness' own admission of the fact under oath.    He may well be presumed to know what the truth is.    There is very little possibility of his being mistaken as to the fact of the conviction and none as to the identity of the party convicted.    He has every inducement of self-interest to protect his good name and reputation, and it is inconceivable that he will falsely accuse himself.    In many cases also the prompt and proper administration of justice requires the

acceptance of a broader and more liberal rule of evidence. The opposing party frequently has no knowledge that the witness is to testify until he takes the stand. It may then be too late to obtain a record of his conviction from other courts or counties, or even from distant states, without delaying the trial. Even if possible to obtain it, its production may be accompanied by great expense. Why should this burden be imposed upon a party seeking to impeach the credibility of the witness, if the witness himself is willing to admit the fact sought to be proved? If he does not admit it, it must then be proved by the record and the record is conclusive. If he does admit it, it would seem only reasonable to explore the source of evidence which is ready at hand rather than to seek for that which is far away and which it may require considerable time and money to produce, when there is apparently as little liability of error in the one source of evidence as in the other. Reason is the life of the law. Cessante ratione legis cessat ipsa lex. The all-important thing to be proved is the fact of conviction. As to the form of proof, it is sufficient if it be reasonably free from the possibility of error. To hold that we cannot receive as evidence the witness' own admission of a fact which he has every inducement of self-interest to deny, an admission which can be wrung from him by the all compelling power of truth alone, is to exalt the shadow above the substance, to return to the reasoning and results of the earlier and darker period of the law's development rather than to those which have obtained and prevailed in modern and more enlightened times.

We believe the result here reached to be fully sustained by authority as well as reason. In 1 Greenleaf's Ev. 16 ed. § 461 b, it is said that, "the propriety of proving the conviction by cross-examination has come in most jurisdictions to be conceded." Another eminent writer says: "In this country there has been some hesitation in permitting a question, the answer to which not merely imputes disgrace, but touches on matters of record; but the tendency now is, if the question be given for the purpose of honestly discrediting a witness, to require an answer. Wharton Cr. Ev. § 474. In 82 Am. St. Rep. 36 in an exhaustive and learned note to *Lodge* v. *State*, 122 Ala. 97, on the evidence admissible as bearing on the credibility of a witness,

the editor says that "the weight of authority clearly sustains the right to show such conviction by cross-examination." The following are some of the cases in which a different view has been entertained: *Com.* v. *Quin,* 5 Gray, 478; *Hall* v. *Brown,* 30 Conn. 551; *Newcomb* v. *Griswold,* 24 N. Y. 298; *Kirschner* v. *State,* 9 Wis. 140. Our own conclusion is supported by the following among many cases in which the precise point here involved has been passed upon. *State* v. *Ellwood,* 17 R. I. 763; *McGovern* v. *Smith,* 75 Vt. 104, 53 Atl. Rep. 326; *State* v. *Babcock,* (R. I. 1903), 55 Atl. Rep. 685; *McLaughlin* v. *Murch,* 80 Md. 83; *Wilbur* v. *Flood,* 16 Mich. 41; *Clemens* v. *Conrad,* 19 Mich. 170. In the latter case Cooley, C. J., said: "We think the reasons for requiring record evidence of conviction have very little application to a case where the party convicted is himself upon the stand and is questioned concerning it, with a view to sifting his character upon the cross-examination. The danger that he will falsely testify to a conviction which never took place, or that he may be mistaken about it, is so slight, that it may almost be looked upon as purely imaginary, while the danger that worthless characters will unexpectedly be placed upon the stand with no opportunity for the opposing party to produce the record evidence of their infamy, is always palpable and imminent."

It is claimed that the question here presented is no longer an open one in this State, but has been settled in support of the respondent's contention. A careful examination of the cases relied upon, while they may contain some dicta favorable to the respondent's contention, shows that the question here raised has not before received the full consideration of this court. *State* v. *Damery,* 48 Maine, 327, arose before the enactment of c. 53 P. L. 1861, and it was then held in accordance with all the authorities, both before and since, that the record was the only evidence to establish the incompetency of a witness upon the ground of infamy. *State* v. *Watson,* 63 Maine, 128, held simply that under R. S. 1871, c. 82, § 94, which is the same provision that has been in force ever since 1861, making a conviction affect simply the credibility and not the competency of the witness, the record of the conviction was admissible although that conviction may not have been for an infamous crime. It is worthy

of notice that in this case the court remarked "that statute had its origin in the out-growth of the modern idea that the sources of evidence should be enlarged." When the same case was again before the court, *State* v. *Watson,* 65 Maine, 74, the question decided was that the record was admissible when the accused testified in his own behalf, notwithstanding he had introduced no evidence of his previous good character. In *State* v. *Pike,* 65 Maine, 114, the inquiry was as to the nature of the offenses for which the witness had been confined in jail. The objection was that the record of the court which sentenced him to jail was the only proper evidence to prove the offense for which he was confined. The court, without discussion or consideration of the point presented by the exceptions in the case at bar, overruled the exception on the ground that it nowhere appeared that the witness had been confined in jail by virtue of the sentence of any court. Whether a record twenty-seven years old was admissible was the only question considered in *State* v. *Farmer,* 84 Maine, 436. In *State* v. *Carson,* 66 Maine, 116, it was sought to show upon cross-examination, not that the accused had been formerly convicted, but that he had committed various offenses. This had no tendency to prove a conviction of the accused, and was plainly incompetent for the purpose of impeaching his credit under the well settled rule that it is not competent to impeach the credit of a witness by showing that he has committed particular acts of alleged misbehavior and dishonesty in relation to matters foreign to all the issues involved in the trial. Such evidence whether it come from the accused or from other parties, is entirely outside the issues involved in the case. The question discussed in the opinion of the court in the last named case related entirely to the commission of other offenses, and the question of conviction was not raised.

As we are free, therefore, to follow the dictates of our own reason, and the result reached is not opposed to any previous decision of this court, but is fully sustained as we believe by other courts of the highest authority, we hold that when the respondent Bartlett offered himself as a witness in his own behalf his previous conviction might be shown by his own cross-examination. In both cases,

*Exceptions overruled.*