**BOARD OF REGISTRATION
IN MEDICINE**

v.

**Thomas G. FIORICA.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1984.

Decided March 6, 1985.

Robert S. Frank, (orally), Susan Herman, Susan Hawkes, Asst. Attys. Gen., Augusta, for plaintiff.

Berman, Simmons & Goldberg, P.A., Jack H. Simmons (orally), Paul F. Macri, Lewiston, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

VIOLETTE, Justice.

Dr. Thomas G. Fiorica appeals from a judgment of the Superior Court (Kennebec County) affirming a decision of the Administrative Court revoking his license to practice medicine under 32 M.R.S.A. § 3282 (1978 and Supp.1983). We find no error in the Administrative Court's decision and, therefore, affirm the judgment.

## I.

On February 18, 1983, Dr. Fiorica entered a plea of guilty in Superior Court (Kennebec County) to an information charging him with the crime of solicitation to commit arson (17-A M.R.S.A. § 153 (1983)), a class C crime punishable by imprisonment for up to five years. His plea was coupled with protestations of innocence. The court accepted the plea and imposed a sentence of 200 hours of public service in the professional medical service and a fine.

On April 15, 1983, the Board of Registration in Medicine (Board) brought a complaint against Dr. Fiorica pursuant to 32 M.R.S.A. § 3282 (1978 and Supp.1983)[1] requesting that the Administrative Court revoke Dr. Fiorica's license to practice medicine on the grounds 1) that he had violated 32 M.R.S.A. § 3282(1) (1978 and Supp.1983) by having been convicted of the Class C crime of solicitation to commit arson; and 2) that he violated 32 M.R.S.A. § 3282(5)(G) and (H) (1978 and Supp.1983) by engaging in unprofessional conduct tending to discredit the medical profession and unbecoming a person licensed to practice medicine.

On June 27, 1983, a hearing was held before the Administrative Court. The court denied Fiorica's motions to dismiss for lack of jurisdiction and insufficiency of the evidence. The court admitted the transcript from the Superior Court's Rule 11 proceeding solely to establish that the State had satisfied the court that the State had a factual basis for the charge of solicitation to commit arson.

On August 1, 1983, the Administrative Court concluded that Dr. Fiorica had violated 32 M.R.S.A. §§ 3282(1) and (5)(G) and (H) (1978 and Supp.1983) and directed that his license to practice medicine be revoked. Dr. Fiorica appealed this decision to the Superior Court. On March 20, 1984, the Superior Court affirmed the decision of the Administrative Court and denied the appeal.[2] Dr. Fiorica appeals from this decision.

## II.

■ We review the decision of the Administrative Court. *Board of Dental Examiners v. Brown*, 448 A.2d 881 (Me.1982). Rule 73(a) of the Administrative Court Rules states that the Administrative Court's decision should be reviewed under Rule 73 of the District Court Rules. Maine District Court Civil Rule 73 provides

The appeal to the reviewing court shall be on questions of law only and shall be determined by the Superior Court without jury on the record on appeal specified in Rule 75. Any findings of fact of the District Court shall not be set aside unless clearly erroneous.

A district court's decision on questions of fact must be affirmed unless the appellate court on the entire record is convinced that the findings of fact are clearly erroneous. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 52.7 at p. 690 (1970). *See also* 9 Wright & Miller, *Federal Practice and Procedure* § 2585 at 735 (1971).

## III.

Dr. Fiorica first challenges the Administrative Court's jurisdiction to hear the case

1. 32 M.R.S.A. § 3282 (1978 and Supp.1983) reads in pertinent part:

When any of the following grounds are established, the Administrative Court may revoke or suspend a license or the board may place a licensee on probation, censure him or refuse to renew a license:

1. *Convictions.* Conviction in this State or another state or in a federal court of any crime punishable by imprisonment for a period of one year or more;

.    .    .    .    .

5. *Unprofessional Conduct.* Unprofessional conduct including, but not limited to, the following:

.    .    .    .    .

G. Dishonorable or immoral conduct that tends to discredit the medical profession;
H. Conduct unbecoming a person licensed to practice medicine or detrimental to the best interest of the public health or safety; ....

Repealed by P.L.1983 c. 378, section 52, eff. September 23, 1983.

2. The Superior Court indicates in its decision that 32 M.R.S.A. § 3282 (1978 and Supp.1983) and 32 M.R.S.A. § 3282–A (Supp.1983) are concurrent and alternative procedures for invoking disciplinary actions against physicians. The Superior Court was in error in its analysis because § 3282–A was not in effect at any time pertinent to this case. Rather, §§ 3282 and 3283 were the relevant sections. Section 3282–A, enacted under P.L.1983, ch. 378, § 53 (effective September 23, 1983), consolidated the various provisions of §§ 3282 and 3283, repealed under P.L.1983, ch. 378, §§ 52 and 54 (effective September 23, 1983). This error has no effect on our review of the decision of the Administrative Court.

because the Board failed to order an investigation pursuant to 32 M.R.S.A. § 3283(1) (1978 and Supp.1983). Section 3283(1)[3] in 1983 which was applicable at the time of this case, required that the Board of Registration in Medicine, on its own motion or upon complaint, order an investigation of all complaints and all allegations of noncompliance with or violations of this chapter relating to physician's conduct and if the board considered that a violation had occurred, it could file a complaint with the Administrative Court, seeking revocation or suspension of plaintiff's license. It is not clear from the pleadings that the board complied with § 3283(1). The record is devoid of any proceeding undertaken by the board under § 3283. The complaint alleges that Fiorica was convicted of solicitation and that such conviction rendered him guilty of unprofessional conduct under § 3285(1)(G) and (H). Nowhere in the complaint is an allegation made that the board pursued an investigation as required by § 3283(1). In none of his pleadings in the Administrative Court nor before the Administrative Court at the time of hearing, however, did Fiorica allege the failure of the board to conduct an investigation pursuant to § 3283(1). We are, therefore, in doubt as to what action, if any, the board took prior to its filing of the complaint before the Administrative Court. We will assume for the purpose of deciding this case that the board did not comply with the provisions of § 3283(1) before filing its complaint with the Administrative Court.

Although this failure could have been a defense to the action, Fiorica failed to raise any objection to the board's procedures before the Administrative Court. Fiorica only argued that the court did not have jurisdiction because the Superior Court in the arson proceeding imposed a sentence which required 200 hours of public service in the professional medical service, and, therefore, his license to practice could not be revoked or suspended.

■■■ Administrative Court Rule 12(e) states that

If the defendant omits from his answer any defense or objection then available to him he thereby waives that defense except as hereinafter provided:

(1) The Court may allow the defense or objection to be incorporated in the answer by amendment as provided in Rule 15;

(2) The Court in its discretion may allow the defense or objection to be raised at the hearing on the merits upon a showing of cause;

(3) A defense of failure to state a claim upon which relief can be granted and an objection of failure to state a legal defense to a claim may be made by motion for summary decision under Rule 56 or at the hearing on the merits;

(4) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

---

**3.** 32 M.R.S.A. § 3283 enacted by P.L.1979, ch. 619, § 2 (effective July 3, 1980) provided as follows:

1. Investigation and report. The board, on its own motion or on complaint made to it or its secretary, shall order investigation of all complaints and all allegations of noncompliance with or violations of this chapter relating to physicians and surgeons. The investigator, on completion of investigation, shall report his findings to the board.

2. Board action. After receiving and considering the investigatory report, the board may:

A. File a complaint in the Administrative Court for suspension or revocation in accordance with Title 4, chapter 25, or

B. Hold a hearing, which shall be an "adjudicatory proceeding" and shall be conducted in accordance with the Maine Administrative Procedure Act, Title 5, chapter 375, subchapter IV. After the hearing the board may censure the licensee, place him on probation or file a complaint under paragraph A.

3. Probation. The board may order a licensee placed on probation to file periodic affidavits of his practice in accordance with the board's standards.

4. Notice of adverse action. A notice of any action taken by the board adverse to an accused, including filing a complaint, shall be filed in the office of the secretary and shall be open to public inspection.

matter, the court shall dismiss the action.

The first three exceptions to this rule are inapplicable because Fiorica failed to raise this defense until his appeal to the Superior Court. The fourth exception is likewise not applicable. We determine that the provisions of section 3283(1) are procedural in nature, and are not required for subject matter jurisdiction barring the board from bringing a complaint before the Administrative Court. The jurisdiction of the Administrative Court to hear such a complaint is set forth in § 3282 and clearly includes the power to suspend or revoke a physician's license when the evidence is sufficient to support a conviction of any crime punishable for a period of one year or more and/or that the physician has engaged in unprofessional conduct. Even if the board may have failed to comply with the procedures set forth in § 3283, Fiorica waived any defense or objection he may have had by failing to raise such defense or objection before the Administrative Court.

■ Second, Dr. Fiorica contends that the procedure before the Administrative Court violated his due process rights under the Maine and United States Constitutions. This Court has earlier described the essence of due process as notice and an opportunity to be heard. *Board of Overseers of the Bar v. Lee*, 422 A.2d 998, 1003 (Me.1980), *appeal dismissed*, 450 U.S. 1036, 101 S.Ct. 1751, 68 L.Ed.2d 233 (1981) (discussing suspension of an attorney from the bar for failing to pay the registration fee). Dr. Fiorica was provided with notice and a full opportunity to be heard and was represented by competent counsel before the Administrative Court. His due process rights were not violated.

■ Third, Dr. Fiorica alleges that the Superior Court's sentence imposed after the solicitation conviction requiring him, in addition to a fine and costs, "to perform 200 hours of public service in professional medical service other than at his own office or other than at any health care facility or nursing home in which the defendant has a financial interest," deprived the Administrative Court of jurisdiction to revoke his license since he would need to have his license to fulfill the Superior Court's sentence. We conclude that the Administrative Court did not err in determining that the Superior Court's sentence could be fulfilled by 200 hours of service as a physician's assistant. More importantly, the Superior Court could not have preempted the Administrative Court of its statutorily granted exclusive authority to revoke or suspend a physician's license.

■ Next, Dr. Fiorica argues that the Administrative Court's decision was not supported by competent evidence. He contends that his plea of guilty with protestations of innocence does not establish guilt for purposes of the license revocation hearing. Section 3282 of 32 M.R.S.A. only required that the licensee be convicted of a crime punishable by imprisonment for a period of one year or more. This court has defined "conviction" as "when no issue either of law or fact remains to be determined, and there is nothing to be done except to pass sentence...." *Donnell v. Board of Registration of Medicine*, 128 Me. 523, 149 A. 153, 155 (Me.1930) (citing *State v. Knowles*, 98 Me. 429, 57 A. 588, 589 (Me.1904)). Clearly, Dr. Fiorica was convicted of solicitation to commit arson; no issues remained to be determined; sentence was imposed; and judgment was entered. Dr. Fiorica also argues that his guilty plea should have been considered a plea of *nolo contendere* and that the conviction should not be used as evidence. The plea of *nolo contendere* is equivalent in effect to a plea of guilty and a conviction may be entered following such a plea. *See, State v. Siddall*, 103 Me. 144, 68 A. 634, 635 (1907). We find the conviction following a plea of guilty with protestations of innocence constitutes a conviction under 32 M.R.S.A. § 3282(1).

■ The Administrative Court also determined that Dr. Fiorica violated 32 M.R.S.A. § 3282(5)(G) and (H) (1978 and Supp. 1983) by engaging in unprofessional con-

duct tending to discredit the medical profession which was grossly detrimental to the public health and safety. Upon our review of the record, we cannot say that this finding was clearly erroneous.

■ Finally, Dr. Fiorica argues that the penalty of license revocation is too harsh a sanction in light of his behavior and the record against him since there is no connection between the act of soliciting arson and the ability to practice medicine and that he had a previously unblemished record. Section 3282 of 32 M.R.S.A. clearly states that a conviction is grounds for license suspension or revocation. We decline to substitute our judgment for that of the Administrative Court and find nothing in this record to indicate that the Administrative Court abused its discretion in revoking Dr. Fiorica's license to practice medicine.

The entry is:

Judgment affirmed.

All concurring.