MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:       2017 ME 105
Docket:         Oxf-15-401
Submitted
 On Briefs:     May 26, 2016
Argued:         September 14, 2016
Decided:        May 25, 2017

Panel:          ALEXANDER, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

WELLS FARGO BANK, N.A.

v.

CLARA WELCH-GALLANT

GORMAN, J.

[¶1]  Wells Fargo Bank, N.A., appeals from a judgment of the District Court (Rumford, *Beliveau, J.*) dismissing its foreclosure complaint against Clara Welch-Gallant as a sanction, pursuant to M.R. Civ. P. 16A(d), for pretrial misconduct.  Wells Fargo argues that the court erred by dismissing the complaint with prejudice rather than without prejudice.  We vacate the judgment and remand to allow the court to follow the process we recently outlined in *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, --- A.3d ---, issued on April 11, 2017.

## I. BACKGROUND

[¶2]   Wells Fargo instituted foreclosure proceedings against Welch-Gallant in the District Court on February 24, 2014, alleging that, in 2012, Welch-Gallant executed a promissory note in the amount of $70,700 in favor of Embrace Home Loans, Inc. (EHL), as well as a mortgage on her real property in Mexico, Maine, in favor of Mortgage Electronic Registration Systems, Inc. (MERS), "as nominee for [EHL]" to secure the note.  Wells Fargo alleged that it was the holder of the note and that MERS had assigned the mortgage to it in 2013.  Welch-Gallant timely answered the complaint.  *See* M.R. Civ. P. 12(a).

[¶3]  The court (*Carlson, J.*) issued a scheduling order dated March 18, 2014, setting June 18, 2014, as the discovery deadline.  By July 1, 2014, both parties had filed their witness and exhibit lists; Welch-Gallant named herself as her sole witness and indicated that she intended to offer no exhibits.  On September 26, 2014,[1] the court conducted a pretrial conference and issued an order that day noting that "[d]iscovery [was] complete" and setting the trial for February 5, 2015, giving "30 days['] prior notice for out of state witness."

---

[1]  On July 3, 2014, we issued our opinion in the matter of *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700.  Neither party brought that decision to the attention of the court.

[¶4]  On the day of trial, Wells Fargo moved to dismiss without prejudice its complaint against Welch-Gallant on the ground that, because its mortgage assignment was from MERS as "nominee," it lacked standing to seek foreclosure pursuant to our decisions in *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700 and *Mortgage Electronic Registration Systems, Inc. v. Saunders*, 2010 ME 79, 2 A.3d 289.  After a nontestimonial hearing at which Welch-Gallant asked that Wells Fargo be sanctioned, the court (*Beliveau, J.*) ordered the action dismissed with prejudice.

[¶5]  Wells Fargo moved to alter or amend the judgment to provide for a dismissal without prejudice, arguing that its lack of standing deprived the court of subject matter jurisdiction and that the absence of subject matter jurisdiction allowed the court to dismiss only without prejudice. Welch-Gallant opposed the motion, arguing that a dismissal with prejudice was within the court's discretion pursuant to M.R. Civ. P. 41(a)(2) for Wells Fargo's failure to be prepared for trial and filing of a "surprise" motion to dismiss instead.

[¶6]  By decision dated July 21, 2015, the court denied Wells Fargo's motion to alter or amend the judgment, maintaining the dismissal with

4

prejudice, and also ordered Wells Fargo to pay Welch-Gallant's attorney fees in defending the action. Wells Fargo appeals.

## II. DISCUSSION

[¶7] As we recently reiterated in *Green Tree Servicing, LLC v. Cope*, Maine's trial courts may sanction parties "for various types of pretrial misconduct," and among the sanctions that courts are authorized to impose are dismissals with prejudice. 2017 ME 68, ¶ 15, --- A.3d ---. In this case, Wells Fargo argues that, based upon its representations to the court that it lacked standing to pursue the matter, the trial court was authorized only to dismiss the case without prejudice. For the reasons we explained in *Cope*, *id.* ¶ 18, we disagree, but we do agree that the process used by the trial court here did not entirely follow the procedural steps that we have since stated a court should take before imposing the sanction of dismissal with prejudice, *see id.* ¶¶ 19-22. We therefore remand the case to the District Court to allow it to conduct a proceeding that comports with the process articulated in *Cope*.

The entry is:

> Judgment vacated. Remanded for further proceedings consistent with this opinion.

Daniella Massimilla, Esq. (orally), Litchfield Cavo, LLP, Lynnfield, Massachusetts, for appellant Wells Fargo Bank, N.A.

David W. Austin, Esq. (orally), Rumford, for appellee Clara Welch-Gallant

Rumford District Court docket number RE-2014-8
For Clerk Reference Only