MAINE SUPREME JUDICIAL COURT                           Reporter of Decisions
Decision:     2019 ME 21
Docket:       Yor-18-147
Submitted
  On Briefs:  November 28, 2018
Decided:      February 12, 2019

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, HJELM, and HUMPHREY, JJ.

MARCEL DUBOIS et al.

v.

TOWN OF ARUNDEL et al.

JABAR, J.

[¶1]  Marcel Dubois and Sol Fedder appeal from an order of the Superior Court (York County, *O'Neil, J.*) granting the Town of Arundel's motion to dismiss their complaint and imposing sanctions on Dubois and Fedder.  We affirm the order dismissing Dubois and Fedder's complaint, but vacate the order of sanctions and remand to the Superior Court.

## I.  BACKGROUND

[¶2]  This appeal relates to the Town of Arundel Planning Board's denial of an application to renew a conditional use permit submitted by Dubois

Livestock, Inc.[1]  Dubois and Fedder were not listed as the applicants for the renewal permit, were not listed as the property owners, and were not listed as the authorized agents of Dubois Livestock.  Dubois Livestock's application was denied by the Town of Arundel Planning Board on July 21, 2017, during a public hearing that was not attended by any representative of Dubois Livestock.[2]  Dubois and Fedder did not participate in the public hearing in any capacity.

[¶3]  On September 18, 2017, Dubois and Fedder filed a complaint against the Town of Arundel, individual members of the Planning Board, and the Arundel Town Planner.  Dubois and Fedder's complaint alleged that a memorandum drafted by the town planner and distributed to the members of the Planning Board led to an illegal executive session or sessions.  Following the submission of briefs pursuant to a Rule 80B Notice and Briefing Schedule, the Town of Arundel moved to dismiss Dubois and Fedder's complaint as untimely filed, for lack of standing, and for failure to state a claim.  On February 1, 2018, the Superior Court granted the motion to dismiss, concluding:

> [T]he plaintiffs lack standing to bring the action, no subject matter jurisdiction exists for the court to properly review the matter, and

---

[1]  Dubois Livestock is an agricultural composting facility located in Arundel, Maine, which was granted a conditional use permit pursuant to a consent decree that it entered into with the Town of Arundel on June 27, 2016.

[2]  The application was denied because Dubois Livestock failed to demonstrate that it was in compliance with the terms of the consent decree.

> plaintiffs fail to state a claim upon which relief can be granted under the [Freedom of Access Act]. Defendants' motion to dismiss is granted. Given the significant problems with the present litigation, the court also awards defendants reasonable attorney's fees and expenses pursuant to Rule 11 of the Maine Rules of Civil Procedure . . . .

At the invitation of the Superior Court, the Town of Arundel subsequently submitted an affidavit of attorney fees and costs, seeking $5,862.50 in attorney fees and $231.75 in costs, which the court then determined was reasonable. Dubois and Fedder moved for reconsideration and relief from the Superior Court's judgment, but both motions were denied. This timely appeal followed. *See* M.R. Civ. P. 80B(n); M.R. App. P. 2B(c)(1)-(2)(D).

## II. DISCUSSION

[¶4] It is unclear from the face of the complaint whether Dubois and Fedder rely on the Freedom of Access Act (FOAA), 1 M.R.S. §§ 400-414 (2017), as the statutory avenue for review under Maine Rule of Civil Procedure 80B, or if they are asserting a separate cause of action pursuant to FOAA. Nevertheless, the present appeal fails in either event because Rule 80B is not the proper mechanism to assert a FOAA claim, Dubois and Fedder lacked standing to pursue a Rule 80B complaint, and the complaint failed to state a claim upon which relief can be granted under FOAA.

4

A.    Rule 80B Standing

[¶5]  The court concluded that Dubois and Fedder did not have standing to bring this claim pursuant to Rule 80B and, alternatively, that any such claim was untimely.  We have held that Rule 80C is inapplicable to FOAA claims.  *See Dubois v. Office of the Attorney General*, 2018 ME 67, ¶ 7 n.3, 185 A.3d 734.  Rule 80B is the municipal analogue to Rule 80C, which applies to appeals from state administrative action, and thus the same principle applies here, in the context of appeals from municipal action.  Accordingly, to the extent that Dubois and Fedder seek to assert a FOAA claim through the process prescribed by Rule 80B, the court correctly dismissed the claim because Rule 80B is inapposite.  *See id.*

[¶6]  Even if the complaint can be construed as a Rule 80B appeal that seeks relief from municipal action other than a FOAA violation, the court correctly concluded that neither Dubois nor Fedder has standing.  We review whether a party has standing de novo.  *See Bank of Am.*, *N.A. v. Greenleaf*, 2015 ME 127, ¶ 6, 124 A.3d 1122.  "Standing is a condition of justiciability that a plaintiff must satisfy in order to invoke the court's subject matter jurisdiction in the first place." *Id.* ¶ 7.  In order to have standing to file a Rule 80B complaint, the complainant must show "(1) that it was a party at the administrative

proceeding, and (2) that it suffered a particularized injury as a result of the agency's decision." *See Norris Family Assocs., LLC v. Town of Phippsburg,* 2005 ME 102, ¶ 11, 879 A.2d 1007.

[¶7]  Here, Dubois and Fedder were not involved in the administrative proceedings in any manner.  In Dubois Livestock's application for renewal of the conditional use permit, "Dubois Livestock" is listed as the applicant, "Randrick Trust" is listed as the property owner, and "Ricky Dubois and Randy Dubois" are listed as the authorized agents for Dubois Livestock.  Neither Dubois nor Fedder attended the administrative hearing on July 21, 2017, and neither has alleged a particularized injury as a result of the Planning Board's denial of Dubois Livestock's application for a renewal permit.  As a result, the Superior Court did not err by dismissing Dubois and Fedder's Rule 80B complaint for lack of standing.  *See Friends of Lincoln Lakes v. Town of Lincoln*, 2010 ME 78, ¶¶ 12-17, 2 A.3d 284.

B.     Failure to State a Claim Pursuant to FOAA

[¶8]  Dubois and Fedder argue that a complaint brought pursuant to FOAA is not subject to dismissal under M.R. Civ. P. 12(b)(6).  Dubois and Fedder further assert that, even if a claim for relief based on FOAA is subject to a motion to dismiss, the Superior Court erred because they pleaded sufficient facts to

6

entitle them to relief pursuant to FOAA. We review the grant of a motion to dismiss de novo and examine the complaint in the light most favorable to Dubois and Fedder to determine whether their complaint sets forth elements of a cause of action or alleges facts that would entitle them to relief on some legal theory. *See Paul v. Town of Liberty*, 2016 ME 173, ¶¶ 17, 19, 151 A.3d 924.

[¶9] Pursuant to section 403 of FOAA, "all public proceedings must be open to the public and any person must be permitted to attend a public proceeding" unless an exception applies. *See* 1 M.R.S. § 403(1) (2017); *see also* 1 M.R.S. § 405 (2017) (listing the exceptions to 1 M.R.S. § 403(1)). The purpose of FOAA's public meeting requirement is to ensure that the actions of government are taken openly. *See Hughes Bros.*, *Inc. v. Town of Eddington,* 2016 ME 13, ¶ 18, 130 A.3d 978.

[¶10] Contrary to Dubois and Fedder's contentions, the Superior Court did not err in dismissing their complaint because they had failed to state a claim that would entitle them to relief pursuant to FOAA. Specifically, Dubois and Fedder failed to allege that any action was taken during the alleged executive session or sessions which would entitle them to the relief provided for by 1 M.R.S. 409(2) (2017). *See Lewiston Daily Sun v. Sch. Admin. Dist. No. 43*, 1999 ME 143, ¶ 11, 738 A.2d 1239. Rather, their complaint alleged only that Planning

Board members received a memo from the town planner that led to an executive session or sessions and that the Planning Board subsequently held a public hearing where the Planning Board denied Dubois Livestock's application. Additionally, we find no merit to Dubois and Fedder's argument that a motion to dismiss is not permitted or authorized in the context of a FOAA complaint. *See Wright v. Dep't of Def. & Veterans Servs.,* 623 A.2d 1283, 1286 (Me. 1993); *Great N. Paper, Inc. v. Penobscot Nation*, 2001 ME 68, ¶¶ 8, 10 n.4, 770 A.2d 574.

[¶11] Because Dubois and Fedder failed to allege that any action was taken during the alleged executive session or sessions which would entitle them to any relief, the Superior Court did not err in dismissing their complaint.

C. Sanctions

[¶12] Finally, Dubois and Fedder argue that the Superior Court's imposition of sanctions pursuant to M.R. Civ. P. 11 was an abuse of discretion. Specifically, Dubois and Fedder contend that the order imposing sanctions lacked a sufficient basis and was imposed without notice and opportunity to be heard. We review a trial court's imposition of sanctions pursuant to Rule 11 for an abuse of discretion. *See Pepperell Tr. Co. v. Mountain Heir Fin. Corp.*, 1998 ME 46, ¶ 10, 708 A.2d 651. "An appellate court will not lightly overrule a trial

8

court's judgmental choice of an appropriate sanction . . . ." *See Reeves v. Travelers Ins. Cos.*, 421 A.2d 47, 50 (Me. 1980).

[¶13] "Maine's trial courts may sanction parties for various types of pretrial misconduct," *see Wells Fargo Bank, N.A. v. Welch-Gallant*, 2017 ME 105, ¶ 7, 162 A.3d 827 (quotation marks omitted)*,* and among the sanctions that courts are authorized to impose are reasonable attorney fees and expenses pursuant to Rule 11. *See* M.R. Civ. P. 11(a). In *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, 158 A.3d 931, we outlined the procedural steps that courts should follow when determining whether to impose sanctions. *Id.* ¶¶ 19-22. These steps include adequate notice to the opposing party and an opportunity for that party to be heard before the court considers the imposition of sanctions. *Id.* ¶¶ 20-21. "The opportunity to be heard may, but need not be, a full evidentiary hearing. For example, a court may simply invite the plaintiff to submit an affidavit . . . ." *Id.* ¶ 21.

[¶14] Although in *Welch-Gallant* and *Cope* we considered the sanction of dismissal with prejudice in the context of a foreclosure case, due process requires that the same procedure be afforded here to Dubois and Fedder. *See Bd. of Registration in Med. v. Fiorica*, 488 A.2d 1371, 1375 (Me. 1985) (describing "the essence of due process as notice and an opportunity to be

heard."); *Lamboy-Ortiz v. Ortiz-Velez*, 630 F.3d 228, 246 (1st Cir. 2010) (noting "the general desirability and sometime necessity of affording notice and an opportunity to be heard when monetary sanctions are imposed . . . ." (quotation marks omitted)).  Here, Dubois and Fedder had neither notice of the possible imposition of sanctions nor an opportunity to be heard, and thus the Superior Court abused its discretion.  Accordingly, we vacate the Superior Court's order imposing sanctions.  We remand to the Superior Court for it to conduct proceedings consistent with the process articulated in *Cope*, which will afford Dubois and Fedder notice and an opportunity to be heard on the issue of sanctions.

## III. CONCLUSION

[¶15]  We affirm the court's order granting the Town of Arundel's motion to dismiss Dubois and Fedder's complaint, and we vacate the court's imposition of Rule 11 sanctions against Dubois and Fedder and remand for further proceedings consistent with this opinion.

The entry is:

> Judgment as to sanctions vacated.  Judgment affirmed in all other respects.  Remanded for further proceedings consistent with this opinion.

Marcel Dubois, appellant pro se

Sol Fedder, appellant pro se

Leah B. Rachin, Esq., and Benjamin T. McCall, Esq., Bergen & Parkinson, LLC, Kennebunk, for appellees Town of Arundel et al.

York County Superior Court docket number AP-2017-25
FOR CLERK REFERENCE ONLY