STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                              DOCKET NO: CV-2018-97

**Dale J. Holman,**               )
                                  )
                                  )
            Plaintiff,            )      **ADDITIONAL FINDINGS OF FACT**
                                  )      **AND CONCLUSIONS OF LAW**
v.                                )
                                  )      STATE OF MAINE
                                  )      Cumberland ss. Clerk's Office
**STJ, Inc. and Gorham,**         )
                                  )      AUG 17 2020
            Defendant,            )
                                  )      **RECEIVED**

Dale Holman ("Plaintiff" or "Holman"), by and through his attorney, asks the Court to

make additional findings of fact and conclusions of law, pursuant to M.R. Civ. P. 7(b)(1) and

52(a). The court finds as follows.

## I.   **Findings of Fact**

1.  On October 29, 2019, the Court issued an order entitled "Order on Plaintiff's Motion to

    Set Aside the Court's Order and Defendants' Motion for Injunction."

2.  The above order addressed three issues: 1) Plaintiff's Motion to Set Aside Judgment; 2)

    Motion for Injunction Preventing Further Lawsuits; and 3) Attorney's Fees.

3.  The first issue was decided against the Plaintiff because he failed to articulate any

    mistakes that would have justified setting aside the Court's order.

4.  The Motion for Injunction Preventing Further Lawsuits was denied due to jurisdictional

    concerns.

5.  The Court noted that "Plaintiff's litigious history and repetitive lawsuits suggest he

    should be enjoined from filing any further lawsuits against Defendants on this matter

    without Court permission. However, for the same jurisdictional concerns raised by

Justice Warren in the third action, CV-18-302, Defendants' motion is denied." (Order on Pl.'s Mot. to Set Aside Court's Order and Def.s' Mot. for Injunction 3.)

6. In the above order the Court stated that it would consider the matter of attorney's fees pending the receipt of Attorney Hepler's affidavit.

7. On November 6, 2019, Attorney Hepler filed his affidavit concerning attorney's fees with the Court.

8. Attached to Attorney Hepler's affidavit was an invoice containing a description of the work he completed, the number of hours worked, and the date upon which each item of work was completed.

9. Attorney Hepler billed the Defendants for 23.4 hours at a rate of $300/hour for a final bill of $7,020.00.

10. On two occasions—11/13/19 and 12/4/19—Plaintiff asked the Court to hold a 1-hour hearing on the issue of attorney's fees.

11. Defendants consented to a hearing on the issue so long as the Defendant could potentially be ordered to pay for any further fees the Defendant might have incurred related the hearing.

12. The Court declined to have a hearing.

13. Also on November 13, 2019, the Plaintiff filed a six-page motion entitled "Plaintiff's Motion to Amend Order or Hold a Hearing on Attorney's Fees" which discussed in depth his position on the issue of attorney's fees.

14. After reviewing Attorney Hepler's affidavit and the Plaintiff's 11/13/19 motion, the Court declined to award 8.7 of the 23.4 billed hours due to the fact that "Attorney Hepler had previously filed a similar motion for a Spickler order, [therefore] little additional

2

heavy lifting was needed to be done . . .." (Order on Pl.'s Mot. to Amend Order or Hold a Hearing on Attorney's Fees 2.)

15. The Court deemed the remaining 14.7 hours reasonable and awarded Defendants $4,400 in attorney's fees.

II. **Conclusions of Law**

1. "Maine's trial courts may sanction parties for various types of pretrial misconduct . . . and among the sanctions that courts are authorized to impose are reasonable attorney fees and expenses pursuant to Rule 11." *Dubois v. Town of Arundel*, 2019 ME 21, ¶ 13, 202 A.3d 524. The Law Court has outlined "procedural steps that courts *should* follow when determining whether to impose sanctions."[1] *Id.* (citing *Green Tree Servicing, LLC v. Cope*, 2017 ME 68, ¶¶ 19-22, 158 A.3d 931) (emphasis added). According to the Law Court, the steps include "adequate notice to the opposing party and an opportunity for that party to be heard before the court considers the imposition of sanctions. *Dubois*, 2019 ME 21, ¶ 13, 202 A.3d 524. Further, the Law Court clarified that "[t]he opportunity to be heard may, but need not be, a full evidentiary hearing. For example, a court may simply invite the plaintiff to submit an affidavit . . .." *Id.*

2. The implication that the Plaintiff was not put on adequate notice and was not given the chance to be heard on the matter is puzzling. At the latest, the Plaintiff was on notice that the Court was considering awarding attorney's fees against him on October 30, 2019 when the Court explicitly told the parties that it would consider the issue once Attorney Hepler presented the Court with his affidavit. Next, on November 13, 2019, the Plaintiff

---

[1] The Plaintiff used the word "must" when citing this case in his argument that the Court did not follow the necessary procedural steps before imposing sanctions. The Court will generously chalk this discrepancy up to nothing more than a type-o.

3

submitted a six-page motion directly discussing the exact issue he now claims he has not been afforded the opportunity to be heard on. The Court is well aware of the Plaintiff's position on the issue of attorney's fees in this action—as well as all of the other actions he has filed against the Defendants—and nonetheless has decided that a hearing was not, and still is not, necessary to determine the reasonableness of attorney's fees.

3. The Court believes, pursuant to Maine Rule of Civil Procedure 11 and *Dubois v. Town of Arundel*, 2019 ME 21, that the Plaintiff was put on adequate notice and was in fact heard on the issue of attorney's fees and the amount of $4,400 is reasonable under the circumstances.

The entry is:

1. The foregoing shall be entered as additional findings of facts and conclusions of law.

Pursuant to M.R. Civ. P. 79(a) the Clerk is hereby directed to incorporate this Order by reference in the docket.

Date:___8/17/2020___

MaryGay Kennedy
Justice, Superior Court

Entered on the Docket: 8/19/2020

4



STATE OF MAINE                         SUPERIOR COURT
CUMBERLAND, ss.                     CIVIL ACTION
                                  DOCKET NO. CV-18-97

DALE T. HOLMAN,           )
                        )
       Plaintiff,           )
                        )    ORDER ON PLAINTIFF'S MOTION
    v.                      )    TO SET ASIDE THE COURT'S
                        )    ORDER AND DEFENDANTS'
STJ, INC., and             )    MOTION FOR INJUNCTION
Gorham Sand & Gravel, Inc.,      )
                        )
       Defendant.         )

REC'D CUMB CLERKS OFC
OCT 30 '19 AM 8:40

Before the Court is Plaintiff Dale T. Holman's Motion to Set Aside the Court's July 20, 2018 Order. In addition, Defendants' STJ Inc., and Gorham Sand & Gravel Inc., have filed a motion for a *Spickler* order[1] and motions to strike Plaintiff's motion and Plaintiff's opposition to Defendants' *Spickler* request.[2]

For the following reasons, Plaintiff's motion is denied. Because it appears the Court does not have jurisdiction to grant Defendants' request for a *Spickler* order at this stage of the litigation, Defendants' motion is denied.

## I.     Factual and Procedural Background

The motions presently before the Court are the result of an ongoing struggle between the parties to conclude their dispute. The first case, initiated in 2007, was dismissed with prejudice following a stipulation of dismissal. *Holman v. STJ Inc., et al.,* CUMSC-RE-2007-188 (Me. Super. Ct., Cum. Cty., Apr. 16, 2008) (*Crowley, J.*). Approximately ten years later on January 12, 2018 Defendants were served with a

---

[1] *Spickler v. Key Bank,* 618 A.2d 204 (Me. 1992).
[2] Based on this Order, Defendants' motions to strike are rendered moot.

summons and complaint involving similar allegations. *Holman v. STJ Inc., et al.*, CUMSC-CV-2018-97 (Me. Super. Ct. Cum. Cty., June 21, 2018) *(Walker, J.).* In that case, Defendants filed their answer and counterclaim. Unbeknownst to them, Plaintiff had deliberately withheld filing the complaint with the court. Consequently, Plaintiff's failure to timely file the complaint within twenty days of service led to its dismissal.[3] M.R. Civ. P. 3. Approximately two months later Plaintiff turned around and filed a third complaint, based on similar allegations. This third action was dismissed on the merits by order dated November 9, 2019. *Holman v. STJ Inc., et. al.*, No. CV-18-302, 2018 Me. Super. LEXIS 35 (Nov. 9 2019) *(Warren, J.).* The third case was dismissed in part due to Plaintiff's failure to timely oppose Defendants' motion to dismiss, and partly because the complaint was a reiteration of the issues litigated in the 2007 complaint. *Id.* (further discussing the history of complaints and Plaintiff's litigious behavior). Now, after an unsuccessful appeal,[4] Plaintiff moves to set aside the order.

The motions presently before the Court stem from the second action. After a hearing held on July 20, 2018, Justice Walker ordered Plaintiff to pay $3,500 in attorney's fees upon finding, pursuant to Rule 3, the action was "vexatiously commenced." *Holman,* CUMSC-CV-2018-97, at 2 (order dated July 20, 2018).

---

[3] Defendants' motion to dismiss the complaint and motion for default on the counterclaim were initially denied without prejudice. Upon granting Defendants' motion for reconsideration, the court recognized that serving the complaint commenced the civil action, despite Plaintiff's failure to file the complaint with the court.

[4] The Law Court dismissed Plaintiff's appeal because he failed to file a brief. *Holman v. STJ, Inc.*, Docket No. Cum-18-316 (Nov. 6, 2018).

## II. Discussion

### A. *Plaintiff's Motion to Set Aside Judgment*

Plaintiff moves to set aside the court's July 20, 2018 order pursuant to M.R. Civ. P. 60. Plaintiff's lengthy and repetitive motion fails to articulate any clerical mistakes under Rule 60(a) or any other mistakes enumerated in Rule 60(b) that justify setting aside the court's order.[5]

### B. *Motion for Injunction Preventing Further Lawsuits*

The only issue for the Court's consideration is whether to grant Defendants' request for a *Spickler* order.[6] Plaintiff's litigious history and repetitive lawsuits suggest he should be enjoined from filing any further lawsuits against Defendants on this matter without court permission. However, for the same jurisdictional concerns raised by Justice Warren in the third action, CV-18-302, Defendants' motion is denied. Justice Warren denied Defendants' original request because Plaintiff's complaint was already dismissed. Similarly, in this case, Plaintiff's complaint was dismissed on May 8, 2018.

Nonetheless, the Court advises Plaintiff that his repetitive lawsuits and reoccurring failure to litigate on the merits approaches the frivolous and vexatious

---

[5] Contrary to Plaintiff's interpretation of M.R. Civ. P. 3, the court did not err in assigning the case a docket number upon receipt of Defendants' answer and counterclaim. (Pl.'s Mot. Relief 4-7.) Plaintiff's interpretation of Rule 3 was already addressed and rejected – first by Justice Walker's dismissal of the complaint, and again on Plaintiff's motion for reconsideration. *Holman*, CUMSC-CV-2018-97, at 1 (order dated June 21, 2018) ("Under the Rule Defendants had no choice but to 1) answer the complaint, and 2) file their compulsory counterclaim.").

[6] The court "may enjoin a party from filing frivolous and vexatious lawsuits . . . [t]he party seeking the injunction, however, must make a detailed showing of a pattern of abusive and frivolous litigation . . . [t]he court must be careful not to issue a more comprehensive injunction than is necessary." *Spickler*, 618 A.2d at 207 (Me. 1992). An injunction will not bar Plaintiff from bringing meritorious claims, rather, the injunction "establishes a screening mechanism whereby any future complaints by the [plaintiff] will be examined to protect the defendants and their agents from baseless claims." *Id.*

conduct that a *Spickler* order is intended to address. Defendants' evidence suggests that Plaintiff has no intention of letting this matter go. After Defendants' shared their answer and counterclaim with Plaintiff in this action, in an email dated February 14, 2018, Plaintiff stated:

> Thank you for sharing your hand with me regarding the response game plan for your clients. This current suit has not been submitted to the courts, therefore, I will be submitting a new one with help from your filings. Thank you! Please allow your client to know that I will not be going away, and that I will fight this fight Forever! I have not yet begun to fight, and I will prevail legally with all my pursuits and efforts.

(Def.s' Ex. B.) This communication was cited as one of the reasons Justice Walker found the action to be "vexatiously commenced." Later that year, in an email to Defendants' counsel, Plaintiff stated he was considering filing criminal and emotional distress charges against Defendants and Defendants' counsel. (Def.s' Ex. C.) Defendants' counsel has also been subjected to three bar complaints filed by Plaintiff, one of which was filed just two hours after the July 20, 2018 hearing. (Def.s' Mot. Restrain 3.)

The Court takes judicial notice of Plaintiff's litigious history with others. While this case was pending, in April, 2018, Plaintiff filed two separate lawsuits against nine parties – including, inter alia, his neighbors and the Willow Home Owners Association. These cases were consolidated and resulted in a stipulation of dismissal. The settlement agreement included a *Spickler* order. *See Holman,* 2018 Me. Super. LEXIS 35, at *2-3 (citing *Holman v. Johnson,* CUMSC-CV-2018-68 & CV-2018-143 (order entered Nov. 20, 2018). While that case was pending, the court dismissed an additional complaint filed against the Willow Home Owners Association. *Holman v. Willow Home Owners Association,* CUMSC-RE-2018-179 (Sep. 11, 2018). Defendants have also offered evidence that Plaintiff intends to sue the City of Portland for an alleged zoning issue and other related matters involving the property at issue in this case. (Def.s' Ex. D, at 2.)

While Plaintiff's current motion is a not the product of a new complaint, the ensuing motions and memorandum are the result of a lengthy motion that lacked any merit. Plaintiff's litigious history in connection with the property and his repetitive lawsuits suggests Plaintiff will continue his legal onslaught unless an injunction is issued. Justice Warren already instructed Plaintiff on the consequences of any future similar behavior:

> Because the court concludes that jurisdiction to issue a *Speckler* order may be lacking in this case, it will dismiss defendants' motion. Given Holman's repetitive lawsuits, Justice Walker's finding that Holman's action in CV-18-97 was vexatiously commenced, and the other points noted above, Holman is on notice that any future similar behavior on his part could result in the imposition of a *Spickler* injunction against him.

*Holman*, 2018 Me. Super. LEXIS 35, at *3. To that end, the Court is instructing Plaintiff, again, that any future similar behavior on his part or attempts to re-litigate old matters could result in the imposition of a *Spickler* injunction against him.

*C. Attorney's Fees*

The Motion to Set Aside the Court's Order appears to be premised on Plaintiff's failure to accept the consequences of his actions and Justice Walker's application of Maine law. Although Defendants' failed to attach an attorney fee affidavit in support of their request for attorney's fees, the Court will consider the matter of attorney's fees pending receipt of their affidavit.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Set Aside the Court's July 20, 2018 Order is DENIED. Defendants' motion to restrain Plaintiff from filing further lawsuits against Defendants is DENIED. The Court will consider Defendants' request for attorney's fees upon receipt of their affidavit.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: _____10/29/19_____

_____MaryGay Kennedy, Justice_____
MaryGay Kennedy, Justice
Maine Superior Court

Entered on the Docket: 10/30/19    mc ✓